CASE 12—PETITION ORDINARY—MARCH 19.

# Adams Express Company v. Milton.

11bu  49
136   782

APPEAL FROM FAYETTE CIRCUIT COURT.

1. INTEREST.—*An unliquidated account* would not at common law *prima facie* bear interest.  (1 Bibb, 325.)
2. *Interest is sometimes allowed* by way of damages, where the debtor is justly chargeable with delinquency; but never where the delay is the result of the mere failure of the creditor to press the collection of his claim.  (3 J. J. Mar. 688.)
3. *Where interest must be claimed in the petition* under Civil Code there need be no special count for interest or damages; but where the

VOL. XI.—5

principal cause of action is an unliquidated account, unless interest or damages are claimed, no judgment will be rendered for either.

4. *The refusal of the circuit court to transfer this case* to the United States Circuit Court was proper, because the amount in controversy did not exceed five hundred dollars.

BRECKINRIDGE & BUCKNER, . . . . . For Appellant.

J. R. MORTON, . . . . . . . . . . For Appellee.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The amount in controversy in this action does not exceed five hundred dollars. The claim asserted is an unliquidated account for a balance claimed to be due for work and labor done and performed. At the common law it would not *prima facie* bear interest. (Chitty on Contracts, 11th Am. Ed., vol. 2, p. 952; Murray v. Ware's adm'r, 1 Bibb, 325.)

On such demands interest is sometimes allowed by way of damages in cases in which the debtor is justly chargeable with delinquency, but never when the delay is the result of the mere failure of the creditor to press the collection of his claim. (Morford v. Ambrose and others, 3 John J. Marshall, 688.)

But to recover interest accruing anterior to the institution of an action on an unliquidated account, or to recover damages in lieu of such interest, it is necessary that the plaintiff shall ask for that character of relief, otherwise the presumption of law that the claim was not theretofore bearing interest will be allowed to prevail. The English rule prior to the statute of 3 & 4 William IV was "that the declaration should be special where damages for the use of money are sought to be recovered, and the claim is not *eo nomine* for interest as a debt," and since that statute it is still necessary to claim damages sufficient to cover the interest, otherwise it will not be allowed. (Chitty's Pleading, vol. 1, side page 358.)

Under the rules of pleading in this state it is not perhaps necessary that there shall be a special count for interest or damages; but where, as in this case, the principal cause of

action is an unliquidated account, unless interest or damages are claimed, no judgment will be rendered for either. Here the appellee asks judgment merely for his debt and costs; he claims neither interest nor damages.

The court below properly refused to transfer the action to the Circuit Court of the United States, and properly refused to stay proceedings.

The remaining questions presented by appellee will not be noticed, as from this conclusion an affirmance necessarily results. Judgment affirmed.