BARTELLS and others *v.* REDFIELD.

*(Circuit Court, S. D. New York.* April 17, 1886.)

CUSTOMS DUTIES—ACTION FOR ILLEGAL DUTIES—INTEREST—LACHES.
  An importer who has brought suit to recover duties wrongfully exacted from him by a collector, cannot recover interest by way of damages, if he has been guilty of laches in unreasonably delaying the prosecution of the suit after it has been brought.

On Exceptions to Report of Referee.
*A. W. Griswold,* for plaintiffs.
*Mr. Greenwood,* for defendant.

WALLACE, J. This case comes here upon exceptions filed by the defendant to the report of a referee to whom it was referred to ascertain what sums are due the plaintiffs for excess of duties illegally exacted by the defendant as collector of the port of New York upon the importation by plaintiffs of certain merchandise. The suit was brought in November, 1863. April 21, 1864, a verdict was entered for the plaintiffs upon a trial before a court and jury, which, as has been considered when this case was here on a former occasion, was in effect a stipulation between the parties that the plaintiffs were entitled to recover judgment for excess of duty on account of certain specified exactions, but the amount was undetermined. See 16 Fed. Rep. 336. April 21, 1864, an order was entered in the case referring it to the clerk of the court, or his deputy, to ascertain and adjust the amount to which the plaintiffs were entitled under the verdict. Subsequently an order was made by the court vacating the order of reference to the clerk, and referring the case, with a large number of similar cases, to the collector of the port for adjustment. Subsequently that order was vacated, and the present reference was ordered.

The exceptions raise the question whether the plaintiffs are entitled to recover interest upon the sums illegally exacted by the defendant. The case of *Redfield* v. *Ystalyfera Iron Co.*, 110 U. S. 174, S. C. 3 Sup. Ct. Rep. 570, is an authority for the proposition that a plaintiff who has brought a suit to recover money wrongfully exacted from him by the defendant cannot recover any interest by way of damages, if he has been guilty of laches in unreasonably delaying the prosecution of the suit after he had brought it. The cases of *Bann* v. *Dalzell*, 3 Car. & P. 376; *Newel* v. *Keith*, 11 Vt. 214; *Adams Exp. Co.* v. *Milton*, 11 Bush, 49,—are referred to in the opinion of the court as deciding that where interest is recoverable, not as part of the contract, but by way of damages, it may be properly withheld if the plaintiff has been guilty of laches in unreasonably delaying the prosecution of his claim. *Bann* v. *Dalzell* was an action at *nisi prius* of debt, on an Irish judgment, in which the original debt would not have carried interest; and the judge left it to the jury to determine whether the plaintiff had taken proper steps to find the defendant, instructing them that if he had they might give him a verdict, with such interest as they should deem reasonable. *Newel* v. *Keith* was an action for personal services; and the court held that where no time is agreed upon for the payment of personal services, and no charge in fact made for them, nor presentment for payment in the life-time of the party, and the claim was permitted to sleep a great length of time from the voluntary act of the plaintiff, no interest should be allowed on such claim except from the death of the party. *Adams Exp. Co.* v. *Milton* was an action on an unliquidated account for a balance claimed to be due for work and labor; and the court held that interest was not allowable under the rules of pleading, because there was no special

count for interest. None of these cases throw any light upon the question here, as in none of them was the point considered respecting the effect of laches subsequent to the bringing of the suit.

The rule adopted in the *Redfield Case* by the supreme court has introduced into the present case an issue which is quite foreign to those made up by the pleadings, and relates to transactions, covering a period of 20 years, which have taken place since the bringing of the suit. Had the case been tried as these cases generally are,—with a jury,—it is quite safe to say that neither of the parties could have been prepared to enter upon such an extended field of inquiry as that to which the voluminous evidence before the referee has been directed.

The delay which has intervened since the consent verdict in the case was entered, a period of over 20 years, is extraordinary. If the defendant, or rather the government, which is the real party in interest, has not been mainly responsible for this delay, there would seem to be no just cause on its part to complain of it; because, by the rules of practice, the defendant could have brought the trial of the case to a conclusion at any time as well as could the plaintiffs, or the government might have asserted its unwillingness to acquiesce in further delay by a motion for judgment as in case of nonsuit. But the referee finds that the delay was not fairly attributable to the plaintiffs, but arose mainly from complications incident to the fact that the suit was one of a very large number of similar suits in which questions affecting the defendant's liability were being litigated from time to time, with varying results; that any recovery which defendant might have obtained would not have been acquiesced in by the government, but would have been further litigated; and that his claim was to that extent involved with the trials and results of the other suits that it was reasonable to postpone the trial in prospect of an adjustment, which at times seemed to be near at hand, but was constantly deferred by the vacillating action of the officers of the government.

The conclusion of the referee seems to be sustained by the evidence. The exceptions are therefore overruled.