### In re OPPENHEIMER.

(District Court, M. D. Pennsylvania. June 20, 1906.)

#### No. 792.

BANKRUPTCY—ACCOUNTS OF RECEIVER—ALLOWANCE FOR COUNSEL FEES.

A receiver in bankruptcy is entitled to the assistance of counsel, and a reasonable allowance (keeping in view the economy enjoined by the general policy of the bankruptcy act, and, taking into consideration the value of the estate) will be made to him in the settlement of his accounts for services rendered in the administration of the estate while in his hands; but not otherwise. He is not entitled to an allowance for services rendered by the attorney for the petitioning creditors in instituting the proceedings and obtaining the receiver's appointment, or for other services rendered primarily in the interest of his clients, and the former is a matter for consideration if at all on settlement of the estate in the hands of the trustee, with which the receiver has nothing to do.

In Bankruptcy. On exceptions to receiver's account.

W. N. Reynolds, Jr., for exceptions.
John H. Dando, for receiver.

ARCHBALD, District Judge. The receiver asks credit for $400 attorney and counsel fees—$200 for Mr. Dando, his own immediate counsel, and $200 for Mr. Davis, attorney for the petitioning creditors. A receiver in bankruptcy is undoubtedly entitled to the assistance of counsel, the same as an executor or administrator, and upon the same grounds, and a reasonable allowance therefor will be made him in the settlement of his accounts. They come in, however, as part of the expenses of administering the estate, and not otherwise, and there is no place for anything outside of this. The services of Mr. Davis consist, as stated at the argument, in putting the respondent into bankruptcy, securing the appointment of a receiver, supervising the appraisement which followed, advising the sale of the bankrupt's stock, interesting possible buyers, and promoting an advantageous disposition of it, closely approximating the appraised value, and finally sustaining such sale, upon argument before the court, against exceptions made. Mr. Dando petitioned for and obtained the appointment of appraisers, and drew up and filed their schedules, saw to the setting aside by the receiver of the bankrupt's exemption, which was allowed under bond, petitioned for and obtained an order for a private sale of the bankrupt's stock, and made due return thereof, appearing, also, in opposition to exceptions filed, and finally drew up and filed the receiver's account which is now excepted to, appearing and arguing in support of the same.

There can be no question as to the character of the services rendered by Mr. Dando, nor the right of the receiver to the allowance therefor. The only thing is the amount. Economy is strictly enjoined, by the well-known policy of the bankruptcy act, in the administration of bankrupt estates, and there is no exception with regard to the compensation of counsel. The estate passing through the hands of the receiver in the present instance amounts to about $4,200, so that there was no great responsibility involved in its management, nor any intricacy in advising with regard to it, both of which bear on the value of the services rendered and the amount to be allowed. It may be that, as ordinarily measured, $200, the sum asked for, would not be out of the way. But, according to the standards which prevail in bankruptcy, one-half that sum, in my judgment, is all that could be reasonably expected, and is a fair compensation for the work done.

The services of Mr. Davis, however, are entirely outside of anything which is entitled to come in here. They were rendered in the interest of the petitioning creditors, whom he directly represented, and not for the receiver; or, if in any respect for the latter, they overlapped or supplemented those of Mr. Dando, and there cannot be a double allowance because of two counsel being employed. The distinctive thing about them is that they were steps taken primarily in behalf of the claims of creditors which had been put in his hands, which may call for compensation from his own particular clients, but are not to be imposed as a charge upon the estate. It may be that

obtaining the appointment of a receiver is an exception to this, and the filing of a petition by which proceedings are instituted has also been recognized and quite generally allowed for. Collier (5th Ed.) p. 472. But if there is anything of that kind which obtains, the receiver has nothing to do with it. Claim is to be made, if at all, before the referee, as for a charge against the estate in the hands of the trustee, and not, unless all distinctions are to be dispensed with, has it any right to consideration here.

The exceptions are sustained, the credit item of $200 paid to B. W. Davis, attorney, is disallowed, and the further item of $200 counsel fees is reduced to $100, making the balance to be accounted for in the hands of the receiver, $3,830.86, with which corrections the account is finally confirmed.