In re FALKENBERG et al.

(District Court, D. New Mexico. June 13, 1913.)

No. 113.

1. BANKRUPTCY (§ 484*)—RECEIVERS—FEES.

Under Bankr. Act July 1, 1898, c. 541, § 48, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3439), as amended by Act June 25, 1910, c. 412, § 9, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1501), authorizing double commissions to a bankrupt's receiver where he continues to conduct the bankrupt's business as authorized by section 2 (5), where a receiver continued the bankrupt's business and collected and turned over to himself as trustee $1,-739.92, together with certain stock, fixtures, and uncollected book accounts, he was only entitled to an allowance for his services of $148.56 on the settlement of his accounts as receiver, since any fees accruing by reason of the administration of the stock, fixtures, and uncollected accounts turned over to the trustee could not be allowed until the trustee had realized on the property, when a further allowance might be made pursuant to a supplemental account.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. § 484.*]

2. BANKRUPTCY (§ 484*)—RECEIVERS—FEES—ALLOWANCE—NOTICE TO CREDITORS.

An allowance of fees to a receiver in bankruptcy cannot be made until notice of the application therefor, specifying the amount asked, has

been given to creditors in the manner prescribed by Bankr. Act July 1, 1898, c. 541, § 58, 30 Stat. 561 (U. S. Comp. St. Supp. 1901, p. 3444).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. § 484.*]

3. BANKRUPTCY .(§ 482*)—RECEIVERS—ATTORNEYS—FEES.

The number of attorneys employed by a bankrupt's receiver is not an element to be considered in allowing .fees, but the allowance should be made as though but one attorney had been employed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

4. BANKRUPTCY (§ · 482*)—RECEIVERS—ATTORNEYS—COMPENSATION.

Where attorneys for a bankrupt's receiver were also attorneys for the moving creditors and for the trustee, they were not entitled to charge the receiver for services performed in obtaining his appointment, or for other matters preliminary thereto, which services were rendered, not to the receiver, but in the interest of the moving creditors, but only for services rendered to the receiver as such.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

In the matter of Arthur F. Falkenberg and Sam S. Bacharach, partners doing business as The Emporium. On application by receiver in bankruptcy for the allowance of receiver's and attorney's fees on final · report. Granted in part.

H. L. Boon, of Tucumcari, N. M., for referee.
Harry H. McElroy, of Tucumcari, N. M., for receiver.

POPE, District Judge. The final report of the receiver herein has been presented to the court for its approval. The report has heretofore been approved by the referee, but subject to approval of this court. There is a supplemental report of the referee, which is also for consideration in connection with the original report. The question involved turns principally upon the propriety of the claim for fees by the receiver, both on his own account and on account of the amount allowed attorneys who have assisted him. The fee claimed by the receiver for himself is $200, and for his attorneys $150.

Before considering these, however, one or two matters of detail connected with the reports are to be noticed. The first part of the original report of the receiver shows that he received in cash as such receiver, and prior to the appointment of a trustee, the sum of $1,-739.92. The latter part of his report shows "total chargeables" of $1,-713.92, a difference of $26, perhaps due to a clerical oversight in one statement or the other. This should be corrected before the report is finally approved by the referee. The supplemental report states that the receiver turned over to the trustee certain stock, fixtures, and uncollected book accounts, but fails to state that the balance of cash in the hands of the receiver was turned over to the trustee. This should likewise be corrected before any final approval of the report is made by the trustee, in order that there may.be a showing by the receiver of the payment of this amount to the trustee.

[1] Coming to the fee claimed by the receiver of $200, the Bank-

ruptcy Act, as amended by the act of 1910, provides in its section 2 (5) that courts of bankruptcy may—

"authorize the business of bankrupts to be conducted for limited periods by receivers, * * * and allow such officers additional compensation for such services, as provided in section 48 of this act."

Section 48, as amended by the act of 1910, allows as compensation to receivers a maximum—

"upon the moneys disbursed or turned over to any person, * * * and also upon the moneys turned over by them or afterwards realized by the trustees from property turned over in kind by them to the trustee, * * * not to exceed six per cent. on the first five hundred dollars or less, four per cent. on moneys in excess of five hundred dollars and less than fifteen hundred dollars, two per cent. on moneys in excess of fifteen hundred and less than ten thousand dollars, and one per cent. on moneys in excess of ten thousand dollars."

There is also a provision in section 48 of the Bankruptcy Act, as amended by the act of 1910, that where the business is conducted by the receivers, as provided in clause 5 of section 2 of the Bankrutpcy Act, above quoted, the court may allow such officers as much as double commissions upon the basis above indicated. The purpose of the amendment of 1910 is disclosed by the report of the Senate committee on judiciary of the Sixty-First Congress set forth as a footnote on page 46 of Collier on Bankruptcy (9th Ed.). It follows from this provision of law that as much as 12 per cent. on the first $500 or less, and 8 per cent. on moneys in excess of $500 and less than $1,500, may be allowed receivers who carry on the business. Comparing the rule prescribed by statute with the amount claimed and allowed by the referee, the latter is found excessive, even upon the maximum basis. Twelve per cent. on the first $500 is $60; 8 per cent. on the next $1,000 is $80. The amount above $1,500, as is above pointed out, is divergently stated in the report to be $239.92 and $213.92. The indications from the report are that the latter amount is correct. Four per cent. on this is $8.56, thus making a total of $148.56 as the amount coming to the receiver upon an allowance of the maximum permitted by law, so far as the estate has been administered up to this time. It is true that there may be a further amount coming to the receiver, based upon what, following his administration, may be "realized by the trustee from property turned over in kind by him to the trustee"; but this amount does not appear from the reports, and there is no basis for stating it. This latter must therefore, if allowed at all, be covered by a supplemental account after the trustee shall have realized upon the property turned over to him in kind.

[2] Considering the fact that the receiver is also trustee, and that he will be thus entitled to compensation as trustee, I am of opinion that the above sum of $148.56 is sufficient as his compensation up to the date of the transfer to the trustee. Even this amount, however, cannot be allowed upon the present report, for the reason that the provisions of the act of 1910 have not been complied with as to giving notice to creditors. That act provides that in settling the compensation of receivers—

"before the allowance of compensation notice of application therefor, *specifying the amount asked*, shall be given to creditors in the manner indicated in section 58 of this act."

The only notice given creditors in this matter is that the receiver's report would be for approval by the referee upon a named date. In the notice given creditors there was no specification of the amount asked by the receiver. The notice, therefore, is insufficient, and before compensation may be allowed the receiver a new notice will have to be given.

[3] As to the amount claimed for the attorneys of $150, the court is of opinion that $100 is sufficient. Allowances in bankruptcy are made sparingly and with great caution. In re Duran Mercantile Co. (D. C.) 199 Fed. 961. The Bankruptcy Act does not contemplate that the number of attorneys employed shall enter into the allowance of attorney's fee, but that allowances shall be made as though one attorney was employed.

[4] It is also to be borne in mind that the attorneys for the receiver were also attorneys for the moving creditors and are attorneys for the trustee. In each of these latter capacities there will doubtless be a claim for compensation. The aggregate of these upon the basis herein claimed for the receiver would be much more than the estate should be called upon to pay. In addition, much of the service herein claimed against the receiver was rendered, not to him, but to the moving creditors. As pointed out in Re Oppenheimer (D. C.) 146 Fed. 140, services performed in obtaining the receiver's appointment, or other matters purely preliminary to such appointment, were rendered, not to the receiver, but in the interest of the moving creditors; and this is a matter for settlement as against the estate in the hands of the trustee, when the question of an allowance to the moving creditors is sought under section 62 of the Bankruptcy Act. The attorney's fee for services rendered the receiver is accordingly reduced to $100.

The papers in the cause will be returned to the referee for further proceedings in accordance with this opinion.