## In re SCHUMAN SONS JEWELERS, Inc.
### No. 430.

Circuit Court of Appeals, Second Circuit.

June 7, 1937.

I. Gainsburg, of New York City (Bernard Hershkopf, of New York City, of counsel), for appellant.

Newman & Bisco, of New York City (Leonard G. Bisco and Henry Landau, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and ANGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

The appellant was retained by the trustee in bankruptcy herein as trial counsel in an action pending to recover on a robbery insurance policy against the Sun Insurance Office, Limited, for a loss due to a holdup and robbery of jewelry valued at $100,000. An order was entered by the referee in bankruptcy authorizing the trustee to retain him "as special trial counsel in the suit now pending in this Court * * * upon the following terms and conditions: (a) in the event any sum is recovered by way of settlement before trial, which settlement is approved by the undersigned Referee, Mr. Gainsburg is to be paid 15% of

any amount so recovered; (b) on any amount recovered during trial—either by way of settlement, compromise or judgment, Mr. Gainsburg is to receive 25%, except if the amount so recovered does not exceed $30,000, then the amount of Mr. Gainsburg's compensation is to be fixed by the undersigned, upon application; (c) in the event there is no recovery effected, Mr. Gainsburg is to receive no compensation."

Before appellant's retention as trial counsel there was a mistrial and the jury disagreed on the second trial. The insurance company at the first trial offered $20,000 in settlement, which was refused by the creditors and trustee.

Appellant's employment was agreed upon after this offer of compromise. He prepared for and conducted a third trial during which a compromise of $35,000 was offered and rejected because the largest creditor, Manufacturers Trust Company, refused to accept it and it was thereafter rejected by the creditors and trustee. This trial resulted in another disagreement.

In preparation for the fourth trial it became necessary to take testimony by deposition of an important witness in Chicago, Ill. Appellant was unable to go at the appointed time and the attorney of record for the trustee took this testimony. But this was not, as claimed, an abandonment of his services as trial counsel. The appellant prepared and made ready for the trial. The retainer of appellant was not terminated after his first trial services; he was to prosecute the next trial.

As the cause was about to be reached on the calendar for the fourth trial, it was settled for $35,000. The very same reasons for settling for this amount existed when the Manufacturers Trust Company refused its consent as when the settlement was made and consummated. Under these circumstances, the appellant should be paid for his services according to the terms of his retainer provided in the order. The case was not settled "during the trial." But appellant's retainer promised him 15 per cent. "on any amount recovered by way of settlement before trial." Having performed his contract, he was entitled to this compensation. Ingersoll v. Coram, 211 U.S. 335, 29 S.Ct. 92, 53 L.Ed. 208; cf. In re Coleman, 87 F.(2d) 753 (C.C.A.2); In re Woodworth, 85 F.(2d) 50 (C.C.A.2).

He was retained in "the suit now pending in this Court" which contemplated one or more trials, at least until such time as he was discharged. One trial was had and a retrial was being prepared. "There is no surer way to find out what parties meant, than to see what they have done." Brooklyn Life Ins. Co. v. Dutcher, 95 U.S. 269, 273, 24 L.Ed. 410; Manhattan Life Ins. Co. v. Wright (C.C.A.) 126 F. 82, 87.

It is clear enough that the settlement occurred while the appellant was still acting as special trial counsel in preparation for the next trial, and this he had the right to do. The settlement occurred before the then pending retrial. It was a "sum recovered by way of settlement before trial" within the order of retainer and the appellant is entitled to 15 per cent. of the amount so recovered.

Order reversed.