## Kessler v. Tapp et al.

Feb. 8, 1944.

608

R. R. Craft for appellant.

M. C. Redwine and H. T. Lisle for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
—Affirming in part and reversing in part.

This appeal is from a judgment rendered in two consolidated actions, declaring preferential certain mortgages on a farm executed by James Pruitt Tapp to the other appellees to secure debts and contingent liabilities.

The farm had been sold for an adequate consideration and the proceeds were paid to the appellees, who paid certain valid mortgages, after the payment of which the appellees received $6,097.17 under their preferential mortgages, including the $1,000 homestead exemption of James Pruitt Tapp. While the actions filed by the trustee in bankruptcy of James Pruitt Tapp attacking the preferences also attacked the deed, the chancellor refused to set aside the deed because an adequate consideration was paid but treated the proceeds of sale as taking the place of the land. No complaint as to this is made by the appellant. However, instead of ordering the $6,097.17 paid to the appellant, the costs of the action were ordered to be paid therefrom and the balance, less the $1,000 homestead exemption of James Pruitt Tapp, was ordered prorated between the appellant and the appellees in proportion to their respective claims, the appellant's claim being considered as the amount of general claims filed against the insolvent estate. This resulted in ordering $729.96 paid to the appellant, the balance being distributed to appellees on their debts.

It is contended by the appellant, 1) that the judgment should have directed the amount of the preferen-

tial payments turned over to him as an asset of the insolvent estate to be administered in the bankruptcy court, 2) that the judgment was erroneous in ordering costs paid out of the fund, since he was entitled to recover costs from the appellees, and 3) that the judgment was erroneous in permitting the appellees to retain $1,000 of the preferential payments, representing the homestead exemption of James Pruitt Tapp mortgaged to them.

The appellees' cross appeal from so much of the judgment as denied them participation in the fund to the extent of $1,218.91 in claims against the bankrupt estate, purchased by them with the understanding that they would not present the claims for payment out of the fund represented by the preferential payments. They have also made a motion to be permitted to prosecute an appeal on the record before us against R. R. Craft, attorney for the appellant, from so much of the judgment as allowed him an attorney's fee of $250.

Section 1910 of the Kentucky Statutes, now KRS 378.060, provides that any act done by a debtor with the design to prefer one or more creditors to the exclusion of others shall operate as an assignment of all the property of the debtor for the benefit of his creditors. It was under this statute that the appellant successfully attacked the preferences made by the insolvent debtor. The theory of the appellees, and the one adopted by the chancellor, seems to be that since the trustee was invoking the benefit of a state law, and since the state law under which the preferences were avoided declares that the preferences operated as an assignment for the benefit of creditors, the court, upon avoiding the preferences at the instance of the trustee in bankruptcy, was authorized to distribute the fund under the state law relating to assignments for the benefit of creditors and to require the trustee to participate therein as the representative of general claims. But such a theory places the trustee on the footing of a mere creditor suing to avoid a preference and ignores the provisions of the National Bankruptcy Act, which is supreme in its field and overrides all state laws in conflict therewith.

The National Bankruptcy Act provides, in substance, 11 U. S. C. A. Sec. 110, sub. e, that any obligation incurred by a debtor, which under a state law is voidable for any reason by a creditor shall be null and void as

against the trustee in bankruptcy and that every such obligation shall be avoided by the trustee for the benefit of the estate. The trustee is authorized to institute plenary proceedings in the state courts to recover such property or avoid such obligation. Thus, while under the state law a preference to a creditor which is voidable operates as an assignment for the benefit of creditors, such preference, whether it be regarded as a voidable transfer of property or as a voidable obligation incurred by the debtor, is, by virtue of the Bankruptcy Act, null and void as to the trustee. The act does not confer on the trustee merely the right to force an assignment for the benefit of creditors under the state law but renders the preference null and void as to the trustee, so that when the trustee avoids the preference he is entitled to recover the property involved in the preference just as he is entitled to any asset available to general creditors.

While section 1910, KRS 378.060, declares that a preference "shall operate as an assignment and transfer of all the property and [the] effects of such debtor, and shall inure to the benefit of all his creditors," the true intent and purport of the statute is that upon the adjudication of such a preference the estate of the debtor shall then be distributed amongst his creditors. Certainly, in view of the provisions of the Bankruptcy Act referred to which give the trustee the right to set aside transfers of property or obligations voidable under the state law, our statute should not be construed to require the trustee to participate in assignment proceedings in the state court for the distribution of the insolvent estate. The voided preference becomes property of the bankrupt to which the trustee is entitled. We think the National Bankruptcy Act clearly required the court to direct the amount of the preferential payments to be turned over to the trustee to be administered in the bankruptcy court.

And, just as clearly, the trustee, who was successful in his action against the appellees, was entitled to recover of them the costs of the action, just as any other plaintiff who succeeds in his action. The judgment was erroneous in directing payment of costs from the funds representing the preferential payments.

Our conclusion that the trustee was entitled to recover the amount of the preferential payments disposes of the question raised on the cross appeal as to the right

of the appellees to participate in the distribution to the extent of the claims against the insolvent estate purchased by them. Since the distribution is to be made in the bankruptcy court, that court only has jurisdiction to allow claims against the insolvent estate.

Our conclusion also disposes of the question of the attorney's fee allowed to the appellant's attorney, since the latter contends that the judgment should have directed the payment of the fund to him and that the court was without power to allow attorneys' fees, that being a matter addressing itself to the bankruptcy court.

The final question is as to the correctness of the judgment in allowing the appellees to retain $1,000, representing the homestead exemption of James Pruitt Tapp. It is conceded by the appellant that under the law of this state a homestead exemption, being exempt from claims of creditors, may be disposed of by its owner as he sees fit and the act of the debtor in disposing of it is not a preference within the meaning of Section 1910, KRS 378.060.

It is contended, however, that Section 6 of the Bankruptcy Act, 11 U. S. C. A. Sec. 24, since its amendment in 1938, denies to the bankrupt, and consequently to the appellees, the right to the homestead exemption. Section 6 of the Bankruptcy Act, as originally enacted, allowed the bankrupts the exemptions prescribed by state laws. The 1938 amendment to the section reads: "Provided, however, That no such allowance shall be made out of the property which a bankrupt transferred or concealed, and which is recovered or the transfer of which is avoided under this Act for the benefit of the estate, except that, where the voided transfer was made by way of security only and the property recovered is in excess of the amount secured thereby, such allowance may be made out of such excess. * * *"

It is argued that since the preferences were voided under the Bankruptcy Act no exemption was allowable. But this argument fails to take into consideration that it was under the state law that the preferences were avoided and that under the state law there was no preference in so far as the homestead exemption was concerned. The homestead exemption was the property of the debtor, free from the claims of creditors, and the debtor was at liberty to dispose of it as he saw fit. There

is no recovery or transfer avoided under the. Bankruptcy Act as to the homestead exemption, the state law denying a recovery as to this. We think the court correctly adjudicated this question.

The judgment is affirmed in so far as it denied a recovery of the $1,000 homestead exemption and is reversed in the particulars indicated, with directions to enter a judgment in conformity with this opinon.