## Tapp et al. v. Tapp's Trustee.

Feb. 6, 1945.

346

M. C. Redwine and Harvey T. Lisle for appellants.

R. R. Craft for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The opinion on the first appeal is reported in Kessler v. Tapp, 297 Ky. 607, 180 S. W. 2d 552. Therein we held that the property released from preferential mortgage by a State court under State law becomes property of the bankrupt who attempted to place it in lien, so as to entitle the bankrupt's trustee to administer the property in the bankruptcy court. The property in question is real estate which was sold at public auction prior to the filing of this action by the trustee, and was purchased by one of the creditors preferred in the mortgage executed previous to the sale. In the judgment originally appealed from, the Court refused to set aside the deed executed in pursuance of the sale at public auction, but substituted the proceeds of sale for the property. No objection was made to the substitution by any of the parties interested. Since the proceeds of the sale previously had been distributed to the creditors of the bankrupt preferred by the mortgage, the opinion on the first appeal directed the Court to enter judgment requiring the preferential payments to be turned over to the trustee to be administered in the bankruptcy court. The mandate was filed, the Court entered judgment in accordance with this direction, and allowed interest on the amounts recovered from the time of the filing of the original action by the trustee. It now is contended that

the Court did not have authority to allow judgment against appellants, who received a portion of the proceeds of the sale.

This argument was made on the first appeal, and was decided adversely to appellants' contention. We are of that opinion still, even if it were not controlled by the rule of the law of the case, which is: The decision of the Court of Appeals in remanding a case with directions is the law of the case on a subsequent appeal from a judgment entered in conformity with the direction. Bates et al. v. Northern Coal & Coke Co., 162 Ky. 459, 172 S. W. 918.

Neither do we find any merit in the complaint that the Court erred in allowing interest from the date of the filing of the petition. It is true there was no specific prayer for interest; but the amount recovered was liquidated, and the petition contained a prayer for all relief to which the plaintiff was entitled. The rule is that a plaintiff suing on an unliquidated account must ask for interest specifically, before interest will be allowed to run previous to the entry of the judgment. Adams Express Co. v. Milton, 74 Ky. 49, 11 Bush 49. But where the account or claim is liquidated, interest may be adjudged to commence at the time of the filing of the petition under a general prayer for proper relief. Travelers' Ins. Co. v. Henderson Cotton Mills, 120 Ky. 218, 85 S. W. 1090, 27 Ky. Law Rep. 653, 117 Am. St. Rep. 585, 9 Ann. Cas. 162. A liquidated claim is one, the amount of which has been agreed upon by the parties, or is fixed by operation of law. Bouvier's Law Dictionary, Rawle's Third Revision, vol. 2, p. 2023. The amount of the principal herein recovered was fixed by law at the amount unlawfully received by the creditors preferred in the void mortgage. The amount of the recovery, if liability existed, was not, and reasonably could not have been, the subject of dispute.

The judgment is affirmed.