## In re TAPP.

### No. 14132.

District Court, W. D. Kentucky, Louisville Division.

July 23, 1945.

Marcus C. Redwine and Harvey T. Lisle, both of Winchester, Ky., for Peoples State Bank & Trust Co., James M. Tapp, and M. L. Tapp's administrator.

D. A. Sachs, Jr., of Louisville, Ky., for trustee.

MILLER, District Judge.

Three creditors of the bankrupt, James Prewitt Tapp, have petitioned for a review of the Referee's order of April 27, 1945.

Following the adjudication of the bankrupt on March 15, 1941, the Trustee was authorized to institute suit in the Clark Circuit Court of Kentucky to set aside a preferential real estate mortgage. The Circuit Court held that the payments to the three creditors in question from the proceeds of the sale of the mortgaged property were preferential, but made a distribution of these proceeds according to its own theory of the case instead of ordering them paid to the Trustee. It also sustained the bankrupt's contention of a $1,000 homestead exemption. On appeal by the Trustee the Kentucky Court of Appeals affirmed the lower court's ruling that the payments were preferential and invalid and that the bankrupt was entitled to the homestead exemption, but held that the proceeds should be paid in their entirety to the Trustee in Bankruptcy for administration in the bankruptcy proceedings. See Kessler v. Tapp, 297 Ky. 607, 180 S.W.2d 552. The mandate, issued on June 20, 1944, reads in part as follows:

"It is therefore considered that said judgment be affirmed insofar as it denied a recovery of the $1,000 homestead exemption, and is reversed in the particulars indicated and cause remanded with directions to enter a judgment in conformity with this opinion."

Thereafter on September 27, 1944, the Clark Circuit Court entered its judgment as directed by the mandate. This judgment provided that the Trustee recover from the three defendants, Peoples State Bank and Trust Company, J. M. Tapp and M. L. Tapp, severally the respective amounts received by each with 6% interest per annum thereon from the date of the filing of the action. The defendants did not construe the mandate as imposing liability for inter-

est and accordingly objected to the entry of the judgment as worded, and prayed an appeal to the Court of Appeals which was granted as part of the judgment. The defendants paid the principal of the judgment on October 23, 1944, but continued with their appeal to the Court of Appeals. On February 6, 1945, the Court of Appeals affirmed the judgment of September 27, 1944. See Tapp v. Tapp's Trustee, 299 Ky. 345, 185 S.W.2d 534. The defendants paid the remainder of the judgment on March 27, 1945.

While the second appeal was pending, and on November 2, 1944, the Peoples State Bank & Trust Company, James M. Tapp, and M. L. Tapp's administrator filed motions for leave to file their respective claims against the bankrupt estate by reason of the mortgage indebtedness against the bankrupt's real estate, the payment of which had been declared preferential and invalid by the judgment of September 27, 1944. The Trustee objected to the filing and allowance of these claims on the ground that they were not filed within the time limitation provided by Section 57, sub. n of the Bankruptcy Act, Section 93, sub. n, Title 11 U.S.C.A. On April 27, 1945, the Referee sustained the objection of the Trustee and overruled the motions of the three creditors to file said claims. It is this order which is now being reviewed.

■■■ Section 57, sub. n, of the Bankruptcy Act provides that except as otherwise provided in the Act claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed, provided, however, that a claim arising in favor of a person by reason of the recovery of the trustee from such person of money or property, may be filed within thirty days from the date of such recovery, "but if the recovery is by way of a proceeding in which a final judgment has been entered against such person, the claim shall not be allowed if the money is not paid or the property is not delivered to the trustee within thirty days from the date of the rendering of such final judgment, or within such further time as the court may allow." The Trustee contended and the Referee held that the judgment of the Clark Circuit Court entered on September 27, 1944, in accordance with the mandate of the Court of Appeals of Kentucky is the final judgment referred to in Section 57, sub. n, of the Bankruptcy Act, and that since the proofs of claim were not tendered until November 2, 1944 such action was not within the time limit so provided. The creditors contended that since the judgment of September 27, 1945, was appealed from it was not a final judgment within the meaning of the statute and did not become final until subsequently affirmed by the Court of Appeals of Kentucky in its second opinion on February 6, 1945. We agree with the general rule, contended for by the petitioners, that a judgment of the trial court, from which an appeal has been duly taken, is not a final judgment in the cause. See Hall v. Proctor Coal Company, 236 Ky. 813, 34 S.W.2d 425; Knox County v. Newport Culvert Co., 248 Ky. 661, 59 S.W.2d 558; Faulkner v. Faulkner, 270 Ky. 693, at page 702, 110 S.W.2d 465. But this rule clearly has reference to such a judgment from which an appeal can be validly taken. If a judgment of a lower court is not subject to review it becomes a final judgment. It is the end of that particular litigation. In the present case the first opinion of the Court of Appeals of Kentucky determined the rights of the parties. The judgment of September 27, 1944, entered in accordance with the mandate was a final determination that the payments received by the petitioning creditors were preferential and should be repaid to the trustee. Irrespective of the question of interest, under the Kentucky rule that the decision of the Court of Appeals in remanding a case with directions is the law of the case on a subsequent appeal from a judgment entered in conformity with the direction, this question of liability had been finally determined. Bates v. Northern Coal & Coke Co., 162 Ky. 459, 172 S.W. 918; Tapp v. Tapp's Trustee, 299 Ky. 345, 347, 185 S.W.2d 534. "It is the inherent power of an appellate court in equity suits to decide and terminate a case by directing a specific judgment upon a reversal of the chancellor's decree. Preece v. Woolford, 200 Ky. 604, 255 S.W. 285. When the court exercises that power, it is conclusive and final, binding alike on the trial court and itself. * * * Hence, in the absence of some agreement of settlement, there was nothing else for the trial court to do but enter that judgment. Neither party had a right to reopen the record and have a retrial when that stage in the proceedings had been reached. Each had had his day in court." Noel's Adm'x v. Black's Adm'r, 244 Ky. 655, 656, 51 S.W.2d 955, 956. See Denny v. Wickliffe, 1 Metc., Ky., 216;

596

McLean v. Nixon, 18 B. Mon., Ky., 768. In the present case the second appeal to the Court of Appeals from the judgment entered on September 27, 1944, was ineffectual to keep open the question of final liability. Although the question of interest was not specifically passed upon by the Court of Appeals in its first decision, yet the allowance of interest in the judgment of September 27, 1944, legally resulted from the court's ruling. The claim against each defendant was a liquidated one. "The amount of the recovery, if liability existed, was not, and reasonably could not have been, the subject of dispute." Tapp v. Tapp's Trustee, 299 Ky. 345, 347, 185 S.W.2d 534, 536. Interest followed as a matter of law. Accordingly, that part of the judgment which allowed interest was in conformity with the mandate of the Court of Appeals and became part of the final judgment in the case.

Since the tendered proofs of claim were not filed within the thirty days from the date of the recovery by the Trustee from the petitioning creditors the Referee correctly sustained the trustee's objections to their filing. The order of April 27, 1945, is affirmed.