In re TAPP.

No. 14132.

District Court, W. D. Kentucky, Louisville Division.

April 10, 1946.

172

R. R. Craft, of Winchester, Ky., and D. A. Sachs, Jr., of Louisville, Ky., for H. M. Kessler, Trustee.

Harvey T. Lisle and M. C. Redwine, both of Winchester, Ky., for Peoples State Bank & Trust Co., James M. Tapp, and Elizabeth Tapp, Adm'x of Miles Tapp.

SHELBOURNE, District Judge.

Peoples State Bank and Trust Company, J. M. Tapp and M. L. Tapp's Administrator, on December 3, 1945, filed their joint petition for review of an order entered by the Referee on November 23, 1945.

The history of petitioners' claims against the bankrupt James Prewitt Tapp and their efforts, thus far unsuccessful, to have their claims allowed in this proceeding are fully set out in a former opinion of this Court on a petition filed by the same three creditors to review an order of the Referee entered April 27, 1945. That opinion is reported in D.C., 61 F.Supp. 594.

The petition for review challenges the order of the Referee in the following respects, and on account of the allowance of the following claims and expenses:

I. The attorney fee of R. R. Craft for his services representing the trustee in the litigation filed in the Clark Circuit Court and on the two appeals to the Kentucky Court of Appeals, styled Kessler v. Tapp, 287 Ky. 607, 180 S.W.2d 552 and Tapp v. Tapp's Trustee, 299 Ky. 345, 185 S.W.2d 534. The Referee has allowed $2,509.96. Petitioners claim any sum in excess of $1,000 would be excessive.

II. The attorney fee of $750 allowed D. A. Sachs for legal assistance to Attorney R. R. Craft in the litigation and for assisting and advising the Trustee in the administration of the bankrupt estate.

III. The allowance to the Trustee of $166.83 as his commission.

IV. The refusal of the Referee to consider petitioners' objections to the allowance of the claim of Federal Housing Administration and Montgomery Ward & Company, and the claims of Bartlett Brothers, McDonald Poultry Company and Bush Plumbing Company.

V. The failure of the Referee to allow petitioners' claims as of a date "long before" March 27, 1945.

Considering the exceptions in the reverse order in which they are stated, we eliminate the fifth and last because it was determined by the order of this Court entered July 23, 1945, confirming the Referee's order of April 27, 1945.

In the opinion In re Tapp, supra, it will be seen that final judgment, pursuant to the mandate of the Kentucky Court of Appeals, was filed in the Clark Circuit Court on September 27, 1944. The petitioners paid the principal adjudged against them on October 23, 1944, but refused to pay the interest on that judgment and prosecuted an appeal to so much of the judgment as awarded interest. November 2, 1944, (within thirty days after paying the principal of the judgment, but before they had satisfied the judgment by its terms), petitioners sought by motion leave to file their claims which had arisen by reason of the recovery by the Trustee in the litigation referred to. This Court sustained the Referee in refusing to permit the claims to be filed because the judgment of the Clark Circuit Court had not been satisfied as provided by Section 57, sub. n of the Bankruptcy Act, 11 U.S.C.A. § 93 sub. n.

Having failed to satisfy that judgment within thirty days from the date of its rendering, petitioners are required by the concluding sentence of the section of the Bankruptcy Act, supra, to await such time as all claims which have been duly allowed have been paid and may then present their claims for participation in any surplus re-

maining. The Referee has so ruled and his action in this regard is approved.

IV. The Referee declined to consider petitioner's objections to the claims of Federal Housing Administration and Montgomery Ward, Bartlett Brothers, McDonald Poultry Company and Bush Plumbing Company. His ruling is approved. "A general creditor of a bankrupt has no right to contest another creditor's claim or to appeal from the refusal of the court to disallow it unless upon application the trustee has refused to do so and the district court has authorized the creditor to proceed in the trustee's name." Fred Reuping Leather Co. v. Fort Greene National Bank of Brooklyn, N.Y., 3 Cir., 102 F.2d 372; Ohio Valley Bank Co. v. Mack, 6 Cir., 163 F. 155, 24 L.R.A.,N.S. 184.

III. The allowance to the Trustee of fees aggregating $166.83 is sustained. The entire assets in the estate resulted from the litigation conducted by the Trustee, and the amount seems reasonable and does not exceed the allowance permitted by Section 48 sub. c(1) of the Bankruptcy Act. 11 U.S.C.A. § 76, sub. c(1).

I and II of petitioner's objections as listed herein will be considered together because each involves payment for service rendered to the Trustee as attorney. "The Bankruptcy Act does not contemplate that the number of attorneys employed shall enter into the allowance of attorney's fees, but that allowances shall be made as though one attorney was employed." In re Falkenberg, D.C., 206 F. 835, 838. "However, in certain cases, where more than one firm is required for the accomplishment of the work, the fact that two or more were employed should be considered, unless the fees be allowed to them separately." Matter of Wallace, D.C., 14 F.2d 534, 536.

While fees allowed to attorneys for the Trustee are an expense of administration under section 62 of the Bankruptcy Act, 11 U.S.C.A. § 102, and the amount is left to the sound discretion of the District Judge, In re Barceloux, 9 Cir., 74 F.2d 288, this power is not discretionary beyond the awarding of a fair and reasonable compensation.

Extravagant costs of bankruptcy administration have been recognized by the courts as "crying evils" (Realty Associates Securities v. O'Connor, 285 U.S. 295, 55 S.Ct. 663, 79 L.Ed. 1446) and judges warned against vicarious generosity in these matters. In re Gilbert, 276 U.S. 294, 48 S.Ct. 309, 72 L.Ed. 580; Butzel v. Webster Apartments Co., 6 Cir., 112 F.2d 362; Cohn v. Edler, 9 Cir., 90 F.2d 823.

At the time the Trustee employed R. R. Craft as attorney, there were no funds in the estate out of which the expenses of litigation, or an attorney's fee could be paid, and his compensation was necessarily on a contingent basis. He successfully prosecuted two actions in the Clark Circuit Court, and two appeals to the Court of Appeals of Kentucky, with the result he recovered $6,274.92 for the estate. The Trustee made a contract with Craft for 40% of the recovery which included all expenses. This was without notice to the creditors and was void. However, this does not prevent the recovery on quantum meruit for his services. Watkins v. Sedberry, 261 U.S. 571, 43 S.Ct. 411, 67 L.Ed. 802. Giving consideration to the time spent on the case, the intricacy of the problems involved, the size of the estate, the quality of the skill which the situation demanded, the risk involved and the result achieved, an allowance of $2,000 seems justified and this amount is approved. In re Osofsky et al., D.C., 50 F.2d 925; In re Schuman Sons Jewelers, Inc., 2 Cir., 90 F.2d 606.

After obtaining judgment in the Clark Circuit Court, the Trustee petitioned the Referee for the employment of D. A. Sachs, Jr., on a general retainer, to advise and assist him in the administration of the bankruptcy estate which employment was approved by order of the Referee. Said attorney attended hearings before the Referee, advised the Trustee and Attorney Craft, his services consuming 75 hours, for which he asked a fee of $1,255 and for which the Referee allowed him $750. The record reveals that the attorney was successful in having some $6,000 in claims rejected as having been filed too late, and that he spent much time in assisting the Trustee, attending Referee's hearings, and that his efforts were effective. Due to the fact that the Trustee was represented by two attorneys, each here asking for an allowance, and having in mind the repeated admonition that economy should be practiced in the administration of the Bankruptcy Act, Realty Associates Securities v. O'Connor, supra; In re Owl Drug Co., D.C., 16 F.Supp. 139; In re Goldenberg, D.C., 2 F.Supp. 727, an allowance of $500 to D. A. Sachs, Jr., is approved.