# Schmid v. Anderson et al.

June 21, 1949.

As Modified on Denial of Rehearing October 7, 1949.

H. Bemis Lawrence for appellant.

Lawrence S. Grauman, B. B. Melvin and Robert J. Speckman for appellees.

JUDGE CAMMACK—Affirming.

H. W. Schmid is appealing from a judgment granting specific performance to the appellees, Edwin Anderson, Pauline Anderson and the Merten Realty Company.

Edwin and Pauline Anderson owned a tract of land with improvements, known as the Anderson Tourist Court, which is located on the west side of Bardstown Road about 1¼ miles outside the City of Louisville. Adjoining the Anderson property to the north was the property owned by the appellant's brother, Carl Schmid. During the first part of August, 1947, L. W. Faulkner, a real estate agent of the Merten Realty Company, while passing by the Anderson property, saw a "For Sale" sign on it and solicited Anderson to give him authority to sell it. This authority was given. Faulkner entered into negotiations with Schmid and a contract for the purchase of the property was signed by Schmid.

It is the appellant's contention that Faulkner induced him to sign the purchase contract for the property and also to give a $500 check on the representation that the transaction was merely to be an option on the property and that Faulkner would destroy the contract and check if the appellant found it impossible to finance the deal .

Later, when it developed that he was unable to raise

the purchase price of $30,500, the appellant said that he sought to recover the $500 paid Faulkner and to have the purchase contract destroyed. When he could not regain the deposit, the appellant and his brother Carl attempted to sell the Anderson property and Carl Schmid's adjoining property together for $120,000. Schmid also attempted to lease a part of the Anderson property, but he said the attempts to sell and lease the property were merely means of settling the dispute over the $500.

The appellees contend that the $500 paid by Schmid was part of the purchase price and that he intended to and actually did enter into a binding contract to purchase the Anderson land.

After about two months the appellant having raised the necessary collateral decided to go through with the original purchase plan. On the day set to close the transaction, with all the necessary parties present, the appellant was advised by a bank official that the title examination had revealed that the Andersons in 1942 had conveyed to the State for right of way purposes a 30 foot strip of land fronting on Bardstown Road. The purchase contract which the appellant had originally signed referred to the deed under which the Andersons had obtained title to the property. This deed mentioned no exclusion of a 30 foot strip.

The lower court entered a decree of specific performance and adjudged that Schmid be held liable for taxes on the property from the date of the contract of sale.

The appellant's first ground for reversal is that the lower court erroneously refused to sustain his demurrer. It is contended that there was an adequate remedy at law and also that the property was insufficiently described, in that the contract placed it in Louisville while it was over a mile outside the Louisville city limits.

Money damages are not generally considered to be adequate compensation for the breach of a contract to purchase land. See Restatement, Contracts, 360, and Edelen v. W. B. Samuels & Co., 126 Ky. 295, 103 S. W. 360. Property is sufficiently described if the instrument identifies the specific property as that upon which the minds of the parties have met. Montgomery v. Graves,

301 Ky. 260, 191 S. W. 2d 399. Certainly the minds of the parties met on the land in dispute.

The appellant next urges reversal on the ground that Section 114 of the Civil Code of Practice was violated when the appellees commenced the taking of proof before the cross-defendants, Merten and Faulkner, had filed an answer. It need merely be said in answer to this contention that the trial of the case, as contemplated in Section 114, had not commenced until after the cross-defendants had answered. Moreover, the major issue of the case was formed when the appellant answered. This occurred prior to the taking of any proof.

The third ground urged for reversal is that the testimony indicates that a mere option to buy land and not a binding contract was entered into and also that there was fraud and misrepresentation on the part of the appellees in order to induce the appellant to enter into the contract. There is a conflict in the testimony as to these points, with sufficient evidence to support the chancellor's finding.

It is further contended that the contract is unenforceable because the appellees purposely failed to disclose that a 30 foot strip of the property had been deeded to the State for highway purposes, thus materially misrepresenting the size and boundary of the land. However, by the terms of the contract the land was sold subject to all existing easements. It has been held that, when land is unconditionally granted for right of way purposes, the deed merely conveys an easement and not a fee-simple title to the land. Mammoth Cave National Park Association v. State Highway Commission, 261 Ky. 769, 88 S. W. 2d 931. Therefore, it is apparent that this contention is untenable.

The fifth ground is that interest was erroneously awarded the appellees because there was no specific request for the same. This ground, like the others, is without merit. It was held in Tapp v. Tapp's Trustee, 299 Ky. 345, 185 S. W. 2d 534, that, where a claim is liquidated, interest may be adjudged to commence at the time of the filing of the petition under a general prayer for proper relief.

It is contended further that, since the appellant was required to pay interest and taxes on the Anderson

property from the time the contract was entered into, the appellees should be liable for the rental value during that period. However, since the delay in the transfer of possession of the property was the result of the appellant's misconduct, he can not now complain on this point.

The appellant's final ground for reversal is that the judgment erroneously granted a commission to a real estate broker without any allegation or proof that he was licensed, as required by KRS 324.320. Since the statute cited applies to real estate brokers bringing an action, it is obvious that it is not applicable to the facts of this case.

Judgment affirmed.