**Sharon C. MILLER, Appellant,**

v.

**Grady STUMBO, Secretary, Cabinet for Human Resources, Appellee.**

Court of Appeals of Kentucky.

Nov. 4, 1983.

Richard W. McHugh, Legal Aid Society, Inc., Louisville, for appellant.

Paul F. Fauri, Gen. Counsel, Lynn T. Mitchell, Atty., Cabinet for Human Resources, Frankfort, for appellee.

Before HOWARD, HOWERTON and DUNN, JJ.

DUNN, Judge.

This appeal is from the Jefferson Circuit Court Order which affirmed the Order of the Appeal Board of the Bureau for Social Insurance terminating appellant's Aid to Families with Dependent Children benefits.

There is no dispute about the facts of this case. Appellant, Sharon Miller, received benefits from the Bureau for Social Insurance under its program of Aid to Families with Dependent Children. During a reinvestigation in May, 1982, the Bureau determined that Miller was the owner of a one-third interest in non-homestead, non-income producing real property. The value of the real property was $5,600.00. The property, which was for sale, was difficult to sell because of its need for numerous repairs.

The bureau discontinued payments to Miller because her interest in the property, $1,867.00, was over the resource limit permitted an A.F.D.C. recipient according to 45 CFR 233.20(3) and 904 KAR 2:016 § 2. The appeal board affirmed the bureau's decision to terminate benefits. It is from the circuit court's order affirming the board that this appeal is prosecuted.

If a state participates in the A.F. D.C. program, it must comply with valid regulations issued by the United States Department of Health, Education and Welfare. *Becker v. Connecticut*, 518 F.Supp. 740 (E.D.Ky.1980). The applicable federal regulations provide that the amount of property that can be reserved by each recipient of A.F.D.C. cannot be in excess of $1,000.00 equity value, except for a home, an automobile, and, at the state's option, other personalty essential for day to day living. 45 CFR 233.20(3). Kentucky has followed the guidelines contained in the federal regulations and exempted certain items of personalty from being included in the recipient's resources. 904 KAR 2:016 § 2.

The sole dispute arises over whether it was proper to include appellant's one-third interest in the realty in determining her resources. 45 CFR 233.20(3)(ii)(D) provides:

**2**

Net income ... and resources for current use shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance.

It is clear that her share of the cash proceeds from the sale of the property is not actually available to her, since the property has not yet been sold. It is equally clear that she has a legal interest in the property and has the theoretical legal ability to make it available for support and maintenance, but does not have the timely, practical legal ability to do so. It is not that clear, however, that her interest in this property represents an interest in a liquidated sum.

Liquidated is defined as: Ascertained; determined; fixed; settled; made clear or manifest; cleared away; paid; discharged ... declared by the parties as to amount ... made certain as to what and how much is due ... made certain or fixed by agreement of parties or by operation of law. Black's Law Dictionary 838 (rev. 5th ed. 1979). *See also Tapp v. Tapp's Trustee,* 299 Ky. 345, 185 S.W.2d 534, 535 (1945). Appellant's interest in the property is not an interest in a liquidated claim since the amount for which the property will be sold is not certain, fixed or determined. The property has been valued at $5,600.00, but there is no certainty what amount it will bring when sold.

In judicially reviewing the order of the appeal board, the trial court, as well as this Court, is limited in its determination by the provisions of K.R.S. 205.234(3) which partially provide:

... The court shall dispose of the cause in a summary manner, limiting its decision to a determination of whether or not:

(a) There was sufficient probative evidence to support the appeal board's order.

(b) The regulations upon which the order was based are reasonable.

(c) The appeal board acted arbitrarily, unlawfully, or in such a manner as to constitute an abuse of discretion....

Under the facts of this case (and we hasten to add that each case must rise or fall on its own facts) which are obviously wanting with regards to the cash proceeds from the sale of the realty being actually available to her, the practical legal ability to make her interest in the realty available, and her interest representing a liquidated sum coupled with the marginal ultimate value of her interest ($1,867.00 at most), sufficient probative evidence to support the appeal board's order was woefully lacking. We thus conclude that the appeal board, in affirming the bureau's decision to terminate appellant's benefits, acted arbitrarily and abused its discretion. We further conclude the trial court erred in affirming the appeal board's order.

The orders of the Appeal Board of the Bureau for Social Insurance and of the Jefferson Circuit Court are REVERSED.

All concur.