Elizabeth BREEDING, Administratrix of
the Estate of Danny E.
Breeding, Movant,

v.

MASSACHUSETTS INDEMNITY AND
LIFE INSURANCE COMPANY,
Respondent.

No. 81–SC–319–DG.

Supreme Court of Kentucky.

April 20, 1982.

Rehearing Denied June 28, 1982.

David A. McCullough, Louisville, for movant.

Robert P. Benson, James P. Green, Louisville, for respondent.

AKER, Justice.

The movant, Elizabeth Breeding, as administratrix of the estate of Danny E. Breeding, appeals the decision of the Court of Appeals, which reversed the summary judgment of the Jefferson Circuit Court awarding the estate $50,000.00, as benefits due the estate by virtue of blanket health insurance the decedent purchased one day prior to his untimely death.

The Court of Appeals reversed the judgment of the circuit court holding that an exclusion contained in the policy prevented recovery. We reverse.

The question of whether the exclusion is enforceable against the movant necessitates a determination of whether Delaware law, the state in which the master policy was delivered to Budget Rent-A-Car of America, a national corporation, or Kentucky law, the state in which movant's decedent purchased the insurance from Huber's, Inc., a franchisee of Budget Rent-A-Car, controls

the transaction as it relates to delivery of the policy and notice of the exclusion.

The decedent, Danny E. Breeding, then a resident of Louisville, Kentucky, rented an automobile on June 11, 1976 from Huber's, Inc., a Kentucky corporation d/b/a Budget Rent-A-Car of Louisville. The rental agreement form provided the renter the option to purchase accidental life insurance in the amount of $50,000.00, which would be effective for the period of time the vehicle was rented. The cost of the insurance coverage was $1.00 per day for each day the vehicle was rented. The decedent elected to purchase this optional insurance by placing a check mark in the appropriate box on the car rental form. The clause contained in this form pertaining to insurance specified that the insurance certificate would be delivered to the renter at the renter's request. The decedent made no such request; therefore, he had no copy of the insurance contract and had no knowledge of the policy provisions and exclusions.

The following day, June 12, 1976, while the vehicle was still rented and the insurance was still in effect, the decedent died from accidental drowning in a private lake in Jefferson County, Kentucky. It is undisputed that the decedent was legally intoxicated at the time of his death. Consequently, the respondent denied coverage under the following exclusion enumerated in Paragraph VII of group policy PAI 928:

> This insurance shall not cover any loss caused directly or indirectly by ... (E) intoxicants or narcotics, unless administered on the advice of a physician, nor shall this insurance be effective during any period while the insured renter is in violation of the rental agreement with the lessor. (Emphasis added.)

Movant urges that the respondent cannot properly assert the aforementioned exclusion to deny benefits to the decedent's estate, due to the fact that the respondent is in violation of Kentucky's Insurance Code. Movant cites KRS 304.18–080(2) as the applicable statute, which provides:

> A person covered under a blanket health insurance policy or contract who pays any part of the premium or is required to submit an application as to such insurance *shall be furnished a certificate by the insurer reasonably setting forth a summary of such person's coverage and restrictions thereon.* (Emphasis added.)

The import of this section is clear. Any insurer providing blanket health insurance in this state must furnish the insured with a certificate of insurance advising the insured of his coverage and exclusions from coverage incorporated in his policy of insurance.

In addition to the duty imposed on the respondent by KRS 304.18–080(2), the terms of the master policy in question also place the same obligation on the respondent. Paragraph IX of group policy PAI 928 states:

> ... *there shall be delivered to each insured a statement summarizing* the protection to which he is entitled, to whom payable and such *limitations* and requirements as may pertain to the insurance afforded hereunder. (Emphasis added.)

Thus, respondent failed to comply not only with KRS 304.18–080(2), but *also with the express terms of its own policy.* Such failure notwithstanding, the respondent attempts to escape any liability stemming from the accidental death of the decedent by relying on the exclusion set out above.

Movant further contends that the Court of Appeals erred in basing its opinion on common law doctrines that are no longer applicable in this state. The Court of Appeals relied on *Boseman v. Connecticut General Life Insurance Co.*, 301 U.S. 196, 57 S.Ct. 686, 81 L.Ed. 1036 (1937) which held that where a group life insurance master policy was delivered to an employer in Pennsylvania, the law of Pennsylvania controlled the legality of the policy irrespective of the fact that the insured was an employee domiciled in Texas.

The concept of an all-pervading common law was reiterated in *Boseman, supra.* However, this general theory of an all-pervading common law was repudiated by the United States Supreme Court in the landmark decision, *Erie Railroad Co. v. Tomp-*

*kins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), handed down one year subsequent to *Boseman, supra.* As a result of *Erie, supra,* except for matters governed by the Constitution or by an Act of Congress, the law to be applied is state law, regardless of whether that law had been declared by the legislature or by its courts.

Having determined that state law controls the outcome of this decision, we now decide whether Delaware law or Kentucky law should be applied to this case.

Respondent contends that the interpretation and enforcement of this disputed insurance contract should be governed by Delaware law for two reasons: (1) the contract of insurance contained a choice of law provision expressly stating that the policy was to be governed by the laws of the state of delivery of the policy; (2) since the master insurance policy was delivered to Budget Rent-A-Car of America in Delaware, the choice of law provision in the insurance contract deems that Delaware law controls.

The Delaware Insurance Code provides that:

> An individual application need not be required from a person covered under a blanket health policy or contract *nor shall it be necessary for the insurer to furnish each person a certificate.* 18 Delaware Code, Sec. 3508. (Emphasis added.)

The traditional choice of law rules in the field of contracts dictated that matters bearing upon the execution, interpretation and validity of a contract were determinable by the internal law of the place where the contract was made. *Babcock v. Jackson,* 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963).

However, such a mechanical approach is no longer favored. This court in *Lewis v. Family Group,* Ky., 555 S.W.2d 579 (1977) abrogated the traditional rule of lex loci contractus stating:

> Traditionally the rule has been that the validity of a contract is to be determined by the laws of the state in which it was made... The modern test is which state has the most significant relationship to the transaction and the parties. Restate-

ment Second of Conflicts, Sec. 188 (1971). *Lewis, supra,* pp. 581–582.

■ Increasingly, states have adopted the grouping of contacts doctrine. Justice, fairness and the best practical result may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation. *Babcock v. Jackson,* 240 N.Y.S.2d 743, at 749, 191 N.E.2d 279, at 283, *supra.*

The merit of the doctrine followed in *Babcock, supra,* is that it gives to the forum having the most interest in the problem paramount control over the legal issues arising out of a particular factual context.

■ It is patently obvious that Kentucky has the greater interest in and the most significant relationship to this transaction and the parties. The insurance was purchased in Kentucky by a Kentucky resident from a Kentucky corporation. The claim was initiated by a Kentucky resident, and the claim arose from an accidental death in Kentucky.

On the other hand, Delaware has no significant relationship to the transaction and the parties. The respondent merely delivered the master insurance policy to the Delaware corporate office of Budget Rent-A-Car of America, a nationwide corporation having franchises among the fifty states. This one act of delivery, the only contact involving Delaware, does not establish a significant relationship, but merely one that is tenuous at best.

■ We hold that the Kentucky Insurance Code controls this insurance contract and find that the respondent was under an absolute duty to provide the decedent with a certificate of insurance outlining his coverage and exclusions from coverage under the policy; making the same available to the insured upon request does not satisfy the statutory requirement of delivery contained in KRS 304.18–080(2).

An insurance policy issued for delivery to any person in this state, even though in violation of this code, but otherwise binding on the insurer, shall be held valid. KRS 304.14–210(1).

■ We find that due to the respondent's failure to comply with the provisions of the Kentucky Insurance Code, the respondent is estopped from asserting the exclusion contained in Paragraph VII of the master policy. Notice of limitations to the insurance coverage provided an insured is a fundamental policy of this commonwealth. *Twin City Fire Insurance Company v. Terry*, Ky. App., 472 S.W.2d 248 (1971). Therefore, the contract of insurance, without the limitation of Paragraph VII of the master policy, between the decedent, Danny E. Breeding, and the respondent, Massachusetts Indemnity and Life Insurance Company, is binding upon the respondent and the respondent is liable thereunder.

The decision of the Court of Appeals is reversed and the judgment of the Jefferson Circuit Court is affirmed.

All concur.[1]