712 F.2d 1069
 HARRIS CORPORATION, Data Communications Division, Plaintiff-Appellant,
v.
COMAIR, INCORPORATED; Piper Aircraft Corporation; the
Garrett Corporation; G & N Aircraft, Inc.;
Daniel Snyder d/b/a the Accessory Shop;
John Does, Defendants-Appellees.
 No. 81-5358.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 25, 1982.
Decided July 20, 1983.
 
 H. Henry Kramer, Kramer & Humpert, Edgewood, Ky., Ronald L.M. Goldman (argued), Marina del Rey, Cal., for plaintiff-appellant.
 John W. Beatty (argued), D. Gary Reed, Cincinnati, Ohio, for Comair.
 John J. O'Hara, Arnold Taylor, Covington, Ky., for Piper.
 G.R. Wilson, Rodney S. Bryson, Covington, Ky., for Garrett.
 John L. Bennett, Lee E. Sitlinger, Louisville, Ky., for G & N Aircraft.
 Frank V. Benton, IV, Newport, Ky., for Accessory Shop.
 Before MARTIN and KRUPANSKY, Circuit Judges, and NEESE, District Judge.*
 BOYCE F. MARTIN, Jr., Circuit Judge.
 
 
 1
 Harris Corporation appeals the dismissal of its action against Comair, Inc., a Kentucky-based commuter airline, and other defendants. The case arose out of a plane crash in Florence, Kentucky, on October 8, 1979. One of the passengers who died was Jeffery Lake, a Harris employee. Harris, a self-insurer under the Ohio Worker's Compensation Act, paid death benefits to Lake's widow. Harris is a Texas corporation with offices and employees in all fifty states. Lake was employed at Harris' Ohio office and was an Ohio resident. Defendants include Comair, whose pilot is alleged to have been negligent, the manufacturer of the airplane and certain component parts, and one defendant who serviced the aircraft.
 
 
 2
 Harris filed the present case in diversity to recover economic losses which it allegedly suffered upon Lake's death including benefits paid to Lake's survivors under the Ohio Workmen's Compensation Act.[1] Lake's personal representative has filed a wrongful death action in federal district court in Kentucky.
 
 
 3
 Counts one through three of the complaint, respectively, seek recovery for defendant's negligence in causing Lake's death; for breach of contract of safe carriage; and for defendant's "knowing, reckless, willful, and wanton" action in causing Lake's death. In count four, Harris claims a common law indemnification for benefits paid to Lake's widow pursuant to Ohio's workmen's compensation laws. Defendants moved to dismiss the four counts of the complaint for failure to state a claim. The district court granted the motion. Harris Corporation, Data Communications v. Comair, Inc., 510 F.Supp. 1168 (E.D.Ky.1981). We affirm.
 
 
 4
 Initially, we must determine the appropriate choice of state law by applying the conflict of laws principles of the forum. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Kentucky courts have apparently applied Kentucky substantive law whenever possible. Wessling v. Paris, 417 S.W.2d 259 (Ky.1967); Arnett v. Thompson, 433 S.W.2d 109 (Ky.1968); Foster v. Leggett, 484 S.W.2d 827 (Ky.1972); Grant v. Bill Walker Pontiac-GMC, Inc., 523 F.2d 1301 (6th Cir.1975). The occurrence of an accident in Kentucky is, by itself, sufficient to justify application of Kentucky law. Arnett v. Thompson, 433 S.W.2d at 114. Indeed, the Kentucky Supreme Court has recently gone much further and held that Kentucky law will apply to a contract issue if there are sufficient contacts and no overwhelming interests to the contrary, even if the parties have voluntarily agreed to apply the law of a different state. Breeding v. Massachusetts Indemnity and Life Ins. Co., 633 S.W.2d 717 (Ky.1982). Thus, it is apparent that Kentucky applies its own law unless there are overwhelming interests to the contrary.
 
 
 5
 In counts one and three, Harris claimed recovery for loss of Lake's services as an employee. The Kentucky courts have never recognized a common law cause of action for death. Instead, under Kentucky law, the right to recover for wrongful death exists solely by virtue of section 241 of the Kentucky Constitution and Ky.Rev.Stat. § 411.130, which vests the exclusive right of recovery in the decedent's personal representative. See 510 F.Supp. at 1170-71. Thus, inasmuch as Kentucky law does not recognize a claim on behalf of a decedent's employer, the district court properly dismissed counts one and three of Harris' complaint. See, e.g., Sturgeon v. Baker, 312 Ky. 338, 227 S.W.2d 202 (1950).
 
 
 6
 The district court was also correct in dismissing count two of Harris' complaint for breach of contract of safe carriage. Plaintiff relied upon Houston Belt and Terminal Railway Company v. Burmester, 309 S.W.2d 271 (Tex.Civ.App.1957), where the Texas court agreed that the victim's employer had a claim against the party who was responsible for the employee's injury. However, Harris concedes that there are no Kentucky cases which embrace a similar theory of liability. We deem it inappropriate for a federal court sitting in diversity to add a new cause of action to state law.
 
 
 7
 As for the fourth count, wherein Harris seeks indemnification for benefits paid to Lake's survivors under Ohio's Workmen's Compensation Act, the district court held that because Harris and Lake entered into their employment agreement in Ohio, the laws of that state were implicitly incorporated into the agreement. Therefore, concluded the court, it would apply Ohio law in diversity.[2] We agree.
 
 
 8
 To begin, we note that the Kentucky courts have never directly considered the question of which state law, in a conflicts situation, should apply to claims arising under workmen's compensation statutes. In hypothesizing what the Kentucky courts might do if faced with the question, see Glinsey v. Baltimore & Ohio Railroad Co., 495 F.2d 565, 567 (6th Cir.), cert. denied, 419 U.S. 968, 95 S.Ct. 232, 42 L.Ed.2d 184 (1974), we must "consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." McKenna v. Ortho Pharmaceutical Corp., 622 F.2d 657, 663 (3d Cir.), cert. denied, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980).
 
 
 9
 Although the right to recover under workmen's compensation statutes may be triggered by some action sounding in tort, the question of allocation of rights under such laws is generally perceived as a contractual, or at least quasi-contractual, problem. See R. LeFlar, American Conflicts Law p 156 (3d ed. 1977). In Kentucky, the traditional lex loci approach to conflicts analysis in cases involving contracts has been abandoned. Lewis v. American Family Insurance Group, 555 S.W.2d 579 (Ky.1977); Breeding, 633 S.W.2d 717. In its place, Kentucky has embraced what is variously referred to as an interests or contacts analysis. Under this approach, the court hearing the case must apply the law of that jurisdiction which, "because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation." Breeding, 633 S.W.2d at 719.
 
 
 10
 Applying the interests analysis to Harris' claim for indemnity for benefits paid pursuant to Ohio's workmen's compensation laws, we conclude that in all important respects, Ohio has the most significant relationship to the parties and their dispute. The indemnification claim has its genesis in an Ohio-based employment relationship between two Ohio residents, which relationship, as the district court stated, constituted a "single package of interrelated obligations and benefits." Harris Corp., Data Communications v. Comair, Inc., 510 F.Supp. at 1173. Included in the package was a self-insurance plan, elected by Harris and administered pursuant to the Ohio Workmen's Compensation Act. In these circumstances, Ohio law must control. To argue otherwise is to confuse the question of negligence, unquestionably an issue to be resolved under the laws of Kentucky, with the question of the rights of the parties under a contract of employment.
 
 
 11
 Our decision here is supported by analogous decisions of the Kentucky courts. In two in particular, Employer's Liability Corporation v. Webb, 283 Ky. 115, 140 S.W.2d 825 (1940) and, more recently, Lewis, the courts held that the law of the place of contracting should determine the rights of the parties to a contract. In Webb, the Court of Appeals of Kentucky, then the state's highest court, held that whether the rights of an Indiana compensation insurer might be subrogated to the rights of an Indiana employee of the Indiana company with whom the insurer had contracted to provide coverage was a question of Indiana law and not the law of the place of the employee's injury.
 
 
 12
 In Lewis, the Supreme Court of Kentucky held that the rights and liabilities of two Indiana parties under contracts entered into in Indiana concerning vehicles licensed and garaged in Indiana were to be determined by Indiana law. See also Buckman v. Republic Structural Painting Corp., 302 S.W.2d 855 (Ky.1957).
 
 
 13
 Harris argues that a very recent decision of the Kentucky court, Breeding, mandates a different decision. We cannot agree. Breeding involved a choice of law question arising out of the interpretation and application of a blanket life insurance policy purchased in Kentucky by a Kentucky resident from the Kentucky-based affiliate of a national car rental company. The policy, part of a master policy delivered to the car rental company in Delaware and containing a choice of law provision stating that the policy was to be governed by the laws of the state of delivery, also contained various supplementary clauses. One such clause excluded coverage of death caused by intoxication. Another stated that the insurer was to deliver a copy of the policy to the insured. That was never done.
 
 
 14
 The insured decedent drowned while legally intoxicated. The insurer denied liability, citing the exclusionary clause. In response, the decedent's representative argued that the insurer should not be permitted to rely upon the exclusion because in failing to deliver a copy of the policy to the insured, it had violated Kentucky's Insurance Code and the policy itself.
 
 
 15
 The Court, addressing itself to the choice of law problem, noted that were Delaware law to apply as was called for by the choice of law provision in the contract, the exclusionary clause would be enforced and the decedent denied recovery. However, in Kentucky, the old lex loci approach to conflicts analysis in contract cases had been replaced by an interest analysis. Analyzing the case in interests terms, the court held:
 
 
 16
 It is patently obvious that Kentucky has the greater interest in and the most significant relationship to this transaction and the parties. The insurance was purchased in Kentucky by a Kentucky resident from a Kentucky corporation. The claim was initiated by a Kentucky resident, and the claim arose from an accidental death in Kentucky.
 
 
 17
 On the other hand, Delaware has no significant relationship to the transaction and the parties. The respondent merely delivered the master insurance policy to the Delaware corporate office of Budget Rent-A-Car of America, a nationwide corporation having franchises among the fifty states. This one act of delivery, the only contact involving Delaware, does not establish a significant relationship, but merely one that is tenuous at best.
 
 
 18
 Id. at 719. Therefore, the court held that Kentucky law applied.
 
 
 19
 The distinction between Breeding and this case is obvious. In Breeding, every significant facet of the contractual relationship as well as the event which triggered the rights and duties of the parties under the contract, arose in Kentucky. Here, only the accident for which compensation was paid occurred in Kentucky. Everything having to do with the rights and liabilities of those compensating and being compensated was Ohio-oriented.
 
 
 20
 Our decision here accords with the decisions of the majority of those courts which have considered this question. See 2 Larson, Workmen's Compensation, Damage Suits § 88.00 (Desk ed. 1983) ("As to third-party actions, if compensation has been paid in a foreign state and suit is brought against a third party in the state of injury, the substantive rights of the employee ... and the employer are ordinarily held governed by the law of the foreign state, although there is contra authority.") We reiterate that the Kentucky Supreme Court has not ruled on this question. There is contra authority. See, e.g., LeFlar, supra, p 164, at p. 339 n. 6. In the proper case, the Kentucky Supreme Court may decide that Kentucky's interests in preventing a double recovery and guaranteeing an employer a right of indemnity are superior to Ohio's interests in the employment contract. However, until then, we adopt the majority view.
 
 
 21
 Harris raises one final issue. It argues that Ohio Rev.Code § 4123.82 barring claims for subrogation violates the constitutions of Ohio and the United States. Harris argues that depriving "an innocent employer of its common law rights to indemnity against third-party tortfeasors" is a denial of due process and equal protection of the law. We disagree.
 
 Harris recognizes that
 
 22
 the crucial inquiry under the Fourteenth Amendment is whether it clearly appears to be not a fair and reasonable exertion of governmental power, but so extravagant or arbitrary as to constitute an abuse of power. All reasonable presumptions are in favor of its validity, and the burden of proof and argument is upon those who seek to overthrow it.
 
 
 23
 Mountain Timber Co. v. Washington, 243 U.S. 219, 237-238, 37 S.Ct. 260, 264-265, 61 L.Ed. 685 (1917). We are not alone when we hold that abrogation of pre-existing common law rights in favor of an exclusive statutory scheme, the heart of workmen's compensation legislation, is not "so extravagant or arbitrary as to constitute an abuse of power." See, Davidson v. Hobart Corp., 643 F.2d 1386, 1387 (10th Cir.1981) ("Since the exclusive remedy provision of the [Kansas Workmen's Compensation Act] does not involve any suspect classification or fundamental constitutional rights and is rationally related to a legitimate state objective," it is not a denial of equal protection); Bergen v. Fourth Skyline Corp., 501 F.2d 1174 (4th Cir.1974) (Exclusive remedy provisions of Virginia Workmen's Compensation Act are constitutional). Moreover, the Ohio courts have upheld the constitutionality of section 4123.82. The act provides "a reasonably equitable balance between the rights, duties and privileges of both the employee and the employer." Allen v. Eastman Kodak Co., 50 Ohio App.2d 216, 225, 362 N.E.2d 665, 669 (1976).
 
 
 24
 The judgment of the court below is affirmed.
 
 
 
 *
 Honorable C.G. Neese, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Ohio Rev.Code Ann. § 4123, et seq. (Baldwin 1977)
 
 
 [2]
 Ohio Rev.Code § 4123.82 (Baldwin 1977) bars the recovery Harris seeks here