**Jean HALE, Executrix of the Estate of Bennett Reynolds, deceased, Plaintiff-Appellant,**

v.

**LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.**

No. 85–5299.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 31, 1986.

Decided July 8, 1986.

Russell H. Davis, Jr., argued, Stratton, May & Hays, Pikeville, Ky., for plaintiff-appellant.

Michael J. Schmitt, Paintsville, Roger L. Massengale, argued, for defendant-appellee.

Before ENGEL, MILBURN and RYAN, Circuit Judges.

RYAN, Circuit Judge.

Jean Hale, executrix of the estate of Bennett Reynolds, appeals from the amended judgment of the United States District Court for the Eastern District of Kentucky which denied her claim for prejudgment interest on Reynolds' insurance policy claim. Because we find Hale's claim was for a liquidated amount, requiring an award of interest, we reverse.

## I.

Bennett Reynolds, the insured, purchased group insurance coverage through his employer and was issued a certificate of insurance. The master policy holder was Reynolds' employer, Kentland-Alcorn Coal Company, a subsidiary of Pittston Corporation. The policy was issued by the Life Insurance Company of North America (LICNA).

Reynolds elected "plan B" under the master policy, which included mine exposure coverage, with an effective coverage date of April 1, 1972. The certificate of insurance, which was also Reynolds' application for insurance, stated that the amount of the principal sum was $150,000. It also stated that the insured "is insured under and subject to the terms, conditions and limits of liability of the policy as above specified." The "specified" policy number, OK–2034, refers to the master policy held by the Pittston Corporation.

1. Appellant's policy was issued under Plan B.

On February 10, 1975, Bennett Reynolds was involved in a mining accident as a result of which he became permanently and totally disabled. The applicable coverage, as stated in his certificate of insurance, was:

Coverage B—Permanent Total Disability (Not Applicable to Dependents):—After one year of "continuous total disability," and if the Insured is then "permanently and totally disabled" the Company will pay a Permanent Total Disability Benefit equal to the difference between the applicable Principal Sum and any payments under Coverage A on account of such injuries.

Reynolds filed suit on August 16, 1977, when LICNA refused to pay the $150,000 principal sum, relying on a rider contained in the master policy, but not revealed in Reynolds' certificate of insurance. The rider, of which Reynolds claimed he had no knowledge until LICNA asserted it as a bar to full recovery, stated:

### RIDER NUMBER EIGHT

It is understood and agreed that Policy Rider One of this policy is deleted in its entirety and the following is substituted therefor:

\* \* \*

Plan B—Provides 25% of the insured's otherwise applicable Principal Sum Benefit while engaging in mining activities provided such activities are performed on the actual site of the mine and such activities are authorized and approved by the Policy-holder.[1]

Plaintiff moved for partial summary judgment as to the uncontested twenty-five percent of the principal amount, and partial judgment in the amount of $37,500 was entered by the district court on April 25, 1978. The district court granted LICNA's motion for summary judgment and filed a memorandum opinion on February 8, 1983. The court ruled that the insured was entitled to recover only twenty-five percent of the principal amount, relying on a similar

**24**

case which arose under the same insurance policy. *Fuller v. Life Insurance Co. of North America*, No. 76–801 (E.D.Ky. September 7, 1979), *aff'd*, 657 F.2d 267 (6th Cir.1981). On appeal, this court reversed, *Hale v. Life Insurance Co. of North America*, 750 F.2d 547 (6th Cir.1984), holding that the 1982 decision of the Kentucky Supreme Court in *Breeding v. Massachusetts Indemnity & Life Insurance Co.*, 633 S.W.2d 717, changed Kentucky insurance law, as a result of which LICNA was estopped from relying upon the terms of the separate document containing Rider Eight. We remanded to the district court for the entry of judgment for the sum of $150,000.

On remand, Reynolds sought to amend the judgment to add an award of interest. After considering the parties' briefs, the district court amended its judgment to include prejudgment interest from April 20, 1982, the date of the *Breeding* decision, until paid. Reynolds' executrix now appeals from that part of the amended judgment which denies her interest from September 14, 1976 through April 19, 1982.

**II.**

■ When a federal court's jurisdiction rests upon diversity, the award of prejudgment interest is governed by state law. *Glen Falls Insurance Co. v. Danville Motors, Inc.*, 333 F.2d 187 (6th Cir.1964). Under Kentucky law, if the claim is liquidated, interest follows as a matter of right, but if it is unliquidated, the allowance of interest is in the discretion of the trial court. *General Accident Fire & Life Assurance Corp. v. Judd*, 400 S.W.2d 685, 687 (Ky. 1966). Interest on the amount payable under an insurance policy runs from the time when the loss is payable by terms of the policy. *Travelers Insurance Co. v. Hawks*, 517 S.W.2d 740 (Ky.1974).

A liquidated claim is a "[c]laim, amount of which has been agreed on by parties to [the] action or is fixed by operation of law. *Tapp v. Tapp's Trustee*, 299 Ky. 345, 185 S.W.2d 534, 535." *Atlantic Painting & Contracting, Inc. v. Nashville Bridge Co.*, 670 S.W.2d 841, 847 n. 2 (Ky.1984) **(quoting**

*Black's Law Dictionary* 839 (5th ed.1979). If the amount of the claim is a sum certain, the debt is still liquidated even if the refusal to pay is based upon a good faith denial of liability. *Shanklin v. Townsend*, 434 S.W.2d 655 (Ky.Ct.App.1968); *W.K. Contracting Co., Inc. v. Ashland Oil & Refining Co.*, 478 F.2d 1046, 1049 (6th Cir.1973).

■ LICNA maintains that the claim was not liquidated because it was not a known amount until the decision in *Breeding* changed Kentucky law, allowing Reynolds to prevail. However, LICNA's assertion goes to the liability for the total claim, rather than creating an uncertainty as to the amount of the claim. The total policy sum of the original insurance contract was $150,000. Reynolds moved for a partial summary judgment as to the uncontested quarter of the principal amount, $37,500. The motion was granted, and a check in that amount was tendered to Mr. Reynolds on April 25, 1978. From that time on, there was no dispute over the amount of the appellant's claim: it was for $112,500, the remainder of the principal sum of the insurance contract. The only question was whether the insurance company was liable for the policy amount or not: the amount itself was certain.

LICNA argues that an award of interest from the earlier date would serve to penalize an innocent party. "The award of prejudgment interest is only designed to compensate a plaintiff and is not awarded as a penalty." *Hiller v. Southern Towing Co.*, 740 F.2d 583, 585 (7th Cir.1984). Interest serves to compensate the plaintiff for his inability to use the money between the date the claim was due, and the date it was paid. *Moore-McCormick Lines, Inc. v. Richardson*, 295 F.2d 583, 594 (2d Cir.1961). While our earlier decision in this case, *Hale v. Life Insurance Co. of North America*, *supra*, stated that the Kentucky Supreme Court's decision in *Breeding* changed Kentucky law, it also held that LICNA was liable for the full policy amount. The decision in *Breeding* did not change the amount in dispute between the parties. The posture of the case before the district

court was that plaintiff would either recover $112,500 or he would not. *Breeding* did not create any uncertainty as to the amount in question, but impacted only the question of liability. Even a good faith denial of liability does not change a liquidated claim into an unliquidated one. *Shanklin v. Townsend, supra.*

An award of prejudgment interest serves to make a plaintiff whole, compensating him for the unavailability of the policy proceeds as the claim is being pursued. The award is not intended to serve as a penalty, and an award of prejudgment interest here would be compensatory, rather than punitive. Under Kentucky law, once it is determined that a claim is for a liquidated amount, prejudgment interest follows as a matter of law. Because LICNA's arguments only run to the liability for the entire claim, and do not create any doubts as to the amount of the claim, we find this claim to be for a liquidated amount. As such, under Kentucky law, interest follows as a matter of course from the date the policy sum was payable. *Travelers Insurance Co. v. Hawks, supra; Ginsburg v. Insurance Co. of North America,* 427 F.2d 1318, 1321 (6th Cir.1970).

We reverse the judgment of the district court, and remand for an award of prejudgment interest from the date Reynolds' claim was payable.