840 F.2d 18
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth C. SMITH, et al., Plaintiffs-Appellees, Cross-Appellants,
v.
OMAN CONSTRUCTION COMPANY, Defendant-Appellant, Cross-Appellee.
 Nos. 86-6145, 86-6196.
 United States Court of Appeals, Sixth Circuit.
 Feb. 29, 1988.
 
 Before KRUPANSKY and RYAN, Circuit Judges, CONTIE, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Defendant-appellant appeals a judgment finding liability for trespass and raises two issues: (1) whether the jury verdict was supported by the evidence and (2) whether the trial court erred in giving an instruction regarding punitive damages. Plaintiffs cross-appeal from an order denying prejudgment interest. We affirm the district court's judgment in all respects.
 
 
 2
 Plaintiffs owned property in Clay County, Kentucky, part of which was condemned for the construction of the Daniel Boone Parkway. One segment of the property was used as the right of way for the highway while another part was used for the deposit of waste materials from the construction project. Defendant, Oman Construction Company, was awarded the contract to build the roadway. The specifications included a provision for one million cubic yards of waste to be placed on plaintiff's property in what was designated as Waste Area I. It soon became apparent that the Waste Area I would not hold all the fill material being generated. The engineer representing the state authorized Oman to continue to add to the waste area to an additional height of twenty feet beyond the vertical maximum height originally planned. Still more space was needed and Oman increased the height of the waste again. Also, according to the testimony of Oman's bulldozer operator, the fill material was deposited beyond the horizontal limits of the designated waste area.
 
 
 3
 The plaintiffs became aware of the situation and approached Oman's supervisors complaining that fill material was being deposited on plaintiff's land at a height greater than agreed upon and upon land other than Waste Area I. The supervisors refused to discuss the situation and told plaintiffs to get off the waste area or they would be arrested. In the end, an additional 911,000 cubic yards was added to and beyond Waste Area I.
 
 
 4
 Plaintiffs filed this diversity action in May 1983. In 1985, the district court entered an amended pretrial order which stated in part:
 
 
 5
 [T]he defendants are liable to the plaintiffs for compensatory damages for exceeding only the horizontal limits of the easement. The court reserves the issue of whether the defendants are liable to the plaintiffs for exceeding the vertical limits of the easement.
 
 
 6
 The case went to trial on August 18, 1986. Plaintiffs offered testimony that a coal seam existed under their land; and that, due to the additional waste deposited above the seam, the coal was no longer mineable. The jury returned a verdict for plaintiffs, awarding compensatory damages of $93,854, and punitive damages of $45,560.80. Defendants moved, unsuccessfully, for a judgment notwithstanding the verdict or, in the alternative, for a new trial.
 
 
 7
 As this is a diversity action, we are required to apply state law. Erie R.R. v. Tompkins, 304 U.S. 64 (1938). Under Kentucky law, an appellate court reviewing a jury "must not substitute its findings of fact for those of the jury if there is evidence to support them." Horton v. Union Light, Heat & Power Co., 690 S.W.2d 382 (Ky.1985).
 
 
 8
 Defendant first argues that there was no evidence of horizontal trespass and therefore no support for the jury verdict. Plaintiffs offered the testimony, however, of defendant's bulldozer operator and an expert witness that the accumulated waste deposited on the property by the defendant exceed the horizontal limits of the easement. Further, the pretrial order specifically states the defendant is liable for horizontal trespass. Therefore, there was sufficient evidence to support the jury's finding.
 
 
 9
 The defendant also argues that it was not liable for any vertical trespass for exceeding the permissible vertical fill level of the waste materials, thus rendering the coal seam beneath the waste unminable. Under Kentucky law a contractor building a highway is liable for negligence and for unauthorized trespass of property not part of the right of way. Breathitt County v. Hudson, 95 S.W.2d 1132 (Ky.Ct.App.1936). A contractor is liable for damages for trespass beyond the right of way obtained in condemnation proceedings. Hall v. Ellis & Brantley, 36 S.W.2d 850 (Ky.Ct.App.1931).
 
 
 10
 Defendant argues that it was justified in relying on the deed which initially granted a fee simple[1]. Kentucky law, however, is to the contrary:
 
 
 11
 There is likewise no merit in the argument that the city obtained a fee simple title to appellant's acreage, although the conveyance to the city indicates this character of title was deeded to it. It is a well-settled rule of law in this state that a deed executed pursuant to a condemnation proceeding ordinarily conveys an easement in the condemned property ... Even where the deed purports to convey a fee, the words of the deed are not controlling and the grantee may hold the property only as long as it is devoted to the purpose for which it was acquired.
 
 
 12
 McGee v. City of Williamstown, 308 S.W.2d 795, 798 (Ky.App.1958).
 
 
 13
 Defendant also claims it is not liable for depositing the additional fill material because it relied on the contract and instructions from the state agent. In Ohio River Pipeline Corp. v. Landrum, 580 S.W.2d 713, 721 (Ky.Ct.App.1979), a case involving a defendant contractor making the same argument defendant makes here, the court stated:
 
 
 14
 The trial court was correct in holding that [defendant] could not hide behind its contract with [the architect] as a defense to the wrong committed to [plaintiff]. [Defendant] is not relieved from liability because it acted in accordance with the plans and specifications and at the directions of the owner and architect.
 
 
 15
 Even if defendant were entitled to indemnity, a matter we do not decide, it is not relieved from liability by any representations or assurances given by the Commonwealth's agent.
 
 
 16
 The defendant also argues that the trial court erred in instructing the jury that it could award punitive damages, because the pretrial order did not allow for an award of punitive damages on the issue of vertical trespass, and that since there was no evidence of horizontal trespass, the instruction was erroneous. Defendant's argument on this point is meritless. The pretrial order, although stating no award of punitive damages could be had for vertical trespass, did not limit a punitive damage award for horizontal trespass. The order specifically stated that defendant was liable for compensatory damages for horizontal trespass. Thus, instructing the jury on punitive damages was not error.
 
 
 17
 Plaintiffs cross-appeal from a denial of their motion for an award of prejudgment interest.
 
 
 18
 When a federal court's jurisdiction rests upon diversity, the award of prejudgment interest is governed by state law.... Under Kentucky law, if the claim is liquidated, interest follows as a matter of right, but if it is unliquidated, the allowance of interest is in the discretion of the trial court
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 A liquidated claim is a "[c]laim, amount of which has been agreed on by parties to [the] action or is fixed by operation of law...." If the amount of the claim is a sum certain, the debt is still liquidated even if the refusal to pay is based upon a good faith denial of liability.
 
 
 22
 Hale v. Life Insurance Co. of North America, 795 F.2d 22, 24 (6th Cir.1986). Plaintiffs urge this court to find that damages are liquidated in this case because the market price of the property and underlying coal is readily ascertainable. Damages are liquidated under Kentucky law, however, only when agreed upon by the parties or fixed by operation of law. Damages which are "readily ascertainable" fit neither of these two categories.
 
 
 23
 As this is not a claim for liquidated damages, the award of prejudgment interest is within the discretion of the court. Plaintiffs offer no evidence that the court abused its discretion in denying any award for prejudgment interest.
 
 
 24
 Therefore, we AFFIRM the judgment of the district court in all respects.
 
 
 
 [1]
 Initially, the Commonwealth obtained fee simple title to Waste Area I, but that was later corrected to grant only on easment