25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Tim TATUM and Terecia Tatum, Plaintiffs-Appellants,
v.
HUNTER ENGINEERING COMPANY Defendant-Appellee.
 No. 93-5526.
 United States Court of Appeals, Sixth Circuit.
 May 25, 1994.
 
 Before: KENNEDY and BOGGS, Circuit Judges; and HILLMAN, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiffs, Tim and Terecia Tatum, appeal the District Court's order granting summary judgment for the defendant, Hunter Engineering Company, Inc., in this product liability action. On appeal, plaintiffs contend that the District Court erred in its conflict of law analysis by concluding that Kentucky law, rather than California law, applies to the plaintiffs' claim. Also, plaintiffs claim that the defendant, a successor corporation, is liable for the debts and liabilities of the selling corporation under California law. For the reasons stated below, we affirm.
 
 I.
 
 2
 Plaintiff, Tim Tatum, was injured while cleaning a coating machine at his place of employment, Logan Aluminum. Logan Aluminum, a Kentucky corporation, purchased the coating machine in question from a California manufacturer, Hunter Engineering Company, Inc. ("old Hunter Engineering"). Subsequent to the manufacture of the coating machine in question, FATA Newco, Inc., a Delaware corporation, purchased certain assets of Hunter Engineering Company, Inc. These assets included trademarks, service marks, trade names, including the right to use the name "Hunter Engineering", as well as patents, designs, trade secrets, certain machinery and equipment. FATA Newco, Inc. expressly disclaimed liability for Hunter Engineering's liabilities.[2] After closing the Asset Purchase Agreement, FATA Newco, Inc. changed its name to Hunter Engineering Company, Inc., ("new Hunter Engineering").
 
 
 3
 Plaintiffs sued new Hunter Engineering to recover injuries sustained from the allegedly defective coating machine. The defendant moved for summary judgment, arguing that it was not liable as a successor corporation. Specifically, the defendant contended that it was not liable because, under Kentucky law, a purchaser of assets does not assume the liabilities of the seller in the absence of a contractual obligation under Kentucky law. The plaintiffs argued that the District Court should apply California law and that successor corporations are liable under California law even in the absence of an equity transfer. The District Court granted the defendant's summary judgment motion, ruling that Kentucky law applied and that the defendant, as a successor corporation, was not liable for the selling corporation's liabilities absent a contractual obligation (or certain exceptional circumstances concededly not present here). This timely appeal followed.
 
 II.
 
 4
 This Court reviews a district court's grant of summary judgment de novo, "making all reasonable inferences in favor of the non-moving party to determine if a genuine issue of material fact" exists. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Viewing the evidence in the light most favorable to the nonmoving party, this Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 III.
 
 5
 When federal jurisdiction is based on diversity of citizenship, the federal court must apply the conflicts of law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 (1941). Thus, Kentucky conflicts of law rules will determine which substantive state law governs the rights of the parties.
 
 
 6
 Kentucky courts apply the law of the forum with the most significant contacts. Foster v. Leggett, 484 S.W.2d 827 (Ky.1972). Plaintiffs argue that California law has the most significant relationship to this case for several reasons. First, Logan Aluminum purchased the coating machine from a California manufacturer, the defendant's predecessor. Next, the coating machine was designed and manufactured in California. Also, the Asset Purchase Agreement was consummated in California and all of the design processes and intellectual property are located in California. Finally, the defendant continues to conduct business and maintain offices in California.
 
 
 7
 Defendant argues that Kentucky law should apply to plaintiffs' claim because the injury occurred in Kentucky, the plaintiffs are Kentucky residents, and Logan Aluminum is a Kentucky company. Plaintiffs contend that they will not have a remedy if Kentucky law is applied and Kentucky has no interest in applying its own law when application of its own law would deny recovery to a Kentucky resident.
 
 
 8
 We conclude that the District Court did not err by applying Kentucky law. Kentucky has a strong interest in applying Kentucky law since the accident occurred there, the plaintiffs are Kentucky residents and the machine was purchased by a Kentucky corporation. In fact, "occurrence of an accident in Kentucky is, by itself, sufficient to justify application of Kentucky law." Harris Corp. v. Comair, Inc., 712 F.2d 1069, 1071 (6th Cir.1983) (citing Arnett v. Thompson, 433 S.W.2d 109, 114 (Ky.1968)). Furthermore, Kentucky courts have shown a strong preference for application of Kentucky law, whenever possible. Harris, 712 F.2d at 1071; Breeding v. Massachusetts Indem. & Life Ins. Co., 633 S.W.2d 717 (Ky.1982). Finally, the application of Kentucky law did not necessarily leave plaintiffs without a remedy, as they were not foreclosed from seeking recovery against the successor corporation. Thus, we conclude that the District Court correctly applied Kentucky law to the plaintiffs' claim.
 
 IV.
 
 9
 We note that the plaintiffs have not argued on appeal that the District Court erred in its analysis of the successor corporation's liability under Kentucky law. Because the plaintiffs have not raised this issue on appeal, we affirm the District Court's order granting summary judgment.
 
 V.
 
 10
 The District Court's summary judgment for the defendant is AFFIRMED.
 
 
 
 [1]
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [2]
 The Asset Purchase Agreement provides:
 Liabilities Not Assumed. Except as expressly provided in Section 3.0, the Buyer shall not assume or become liable for any of the Seller's liabilities, debts, obligations, contracts or commitments of any kind whatsoever, known or unknown, fixed or contingent.
 Plaintiff's Brief, Exhibit A, pg. 6.