**Linda RUTHERFORD, Plaintiff,**

**v.**

**The GOODYEAR TIRE AND RUBBER COMPANY and Ford Motor Company, Defendants.**

**Civil Action No. 3:95CV–707–H.**

United States District Court,
W.D. Kentucky,
Louisville Division.

Nov. 6, 1996.

Donald L. Cox, Mary Janice Lintner, Lynch, Cox, Gilman & Mahan, P.S.C., Louisville, KY, for Linda Rutherford.

Byron N. Miller, Catherine Murr Young, Marjorie A. Farris, Stites & Harbison, Louisville, KY, for Goodyear.

William D. Grubbs, David T. Schaefer, Lydia P. Brownlow, Woodward, Hobson & Fulton, Louisville, KY, for Ford Motor Company.

## MEMORANDUM OPINION

HEYBURN, District Judge.

The Court now considers two separate motions by each Defendant, Goodyear Tire and Rubber Company and Ford Motor Company. First, they have moved pursuant to F.R.C.P. 1404(a) for a change of venue to the Southern District of Indiana. Second, they have moved for summary judgment, relying on Indiana's statute of repose, Ind.Code Ann. § 33–1–1.5–5.[1] Both Plaintiff and Defendants have argued their positions artfully and completely.

As a preliminary matter one must remember that venue and choice of law questions, while they quite frequently rely on common facts, focus on completely different interests. Venue primarily concerns interests of the parties and convenience of the witnesses during litigation; choice of law primarily concerns the state's interest in the litigation. For the reasons that follow, the Court finds that venue is appropriate in Kentucky, but that Indiana law applies to the material issues in the case. Thus, the Court will sustain Defendants' motions for summary judgment.

### I.

On October 7, 1994 Plaintiff, Linda Rutherford, an Indiana resident, was injured in an automobile accident on Indiana State Road 56 about one mile west of Salem, Indiana. She now alleges that a Goodyear tire which was placed on a Ford automobile blew out and caused Henry Misamore, an Indiana resident, to lose control of his Ford vehicle,

---

1. Plaintiff necessarily concedes that under Indiana law her complaint will be dismissed. However, Plaintiff believes that Kentucky law should apply instead.

cross the center line of the highway, and strike her car. As a result, Rutherford was injured.[2]

Goodyear, an Ohio corporation with its principal place of business in Ohio, manufactured the tire in question in Topeka, Kansas in 1977. Ford, a Michigan Corporation with its principal place of business in Michigan, purchased the tire in 1978 and mounted it in the spare tire compartment of a Ford LTD at its Louisville, Kentucky assembly plant. Mr. Misamore's grandmother purchased the Ford LTD in 1978. Apparently, the spare tire was subsequently mounted on the LTD.

Plaintiff has filed claims against both Goodyear and Ford alleging breach of implied warranties of merchantability and fitness for ordinary purpose, negligence, and strict liability in tort. The action was initially brought in Jefferson County Circuit Court and Defendants removed to federal court.

## II.

■ Change of venue is authorized pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

The Court, therefore, must engage in a two-part inquiry. First, it must determine whether the action "might have been brought" in the Southern District of Indiana. Second, the Court must determine whether change of venue would facilitate the "convenience of the parties and witnesses" and serve "the interests of justice." The first part of the inquiry demands little attention. Certainly, this action could have been brought in the Southern District of Indiana.

■ The second part of the test requires more consideration. As a general rule, "unless the balance [of convenience] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

*Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Since Plaintiff has chosen Kentucky courts as her forum, Defendants must present strong evidence that a change of venue is appropriate. To support their motions, Defendants have presented supporting facts which are more pertinent to the choice of law analysis. The focus here is upon convenience to the *parties and witnesses,* rather than upon any particular state interest.

Plaintiff has chosen this forum. It is admittedly convenient for her to litigate here. Defendants both conduct business in Kentucky. Ford has a major assembly plant in Louisville, just a few miles from this Court. The material witnesses and available proof for this action are found in a number of states—Kentucky, Indiana, Michigan, Kansas, Ohio, and a host of others. Thus transferring to the Southern District of Indiana is unnecessary for the convenience of the witnesses or access to proof. In short, Defendants have not presented sufficient evidence to warrant a transfer.

## III.

■ Defendants have filed separate summary judgment motions, both of which turn upon the same fundamental determination by this Court whether to apply Kentucky or Indiana law. If Indiana law should be applied, the case will be dismissed. If Kentucky law should be applied, it will continue. To assess which state's substantive law governs in this case, the court must apply the law of the state in which the court sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Anderson Dev. Co. v. Travelers Indem. Co.,* 49 F.3d 1128, 1131 (6th Cir.1995).

In making choice of law decisions, Kentucky courts originally applied the *lex loci delicti* rule, which required the application of the substantive law of the state in which the tort was committed. This rule had the advantages of simplicity and predictability. However, it often ignored the true relationship of the parties and other considerations

---

2. Ms. Rutherford sued Mr. Misamore in Clark Circuit Court, Clark County, Indiana. She reached a settlement with him and released him from liability.

important to a just result. Consequently, Kentucky abandoned a pure *lex loci* rule in favor of an "interest analysis" to determine the state with the most significant contacts with the litigation. *Wessling v. Paris,* 417 S.W.2d 259, 260–261 (Ky.1967). Since that occasion Kentucky courts have never applied precisely the same language to its choice of law standard. The next year, in fact, the Kentucky Supreme Court said that if Kentucky has "enough contacts," though not necessarily the most significant contacts, then the courts should apply Kentucky substantive law to the dispute. *Arnett v. Thompson,* 433 S.W.2d 109, 113 (Ky.1968). A few years later, it said that, "The basic law is the law of the forum, which should not be displaced without valid reasons." *Foster v. Leggett,* 484 S.W.2d 827, 829 (Ky.1972). More recently, in an insurance contract case, the Kentucky Supreme Court said that applying the "interest analysis" gives to the forum having the most interest in the problem paramount control of the legal issues. *Breeding v. Massachusetts Indem. and Life Ins. Co.,* 633 S.W.2d 717, 719 (Ky.1982). These cases do not present Kentucky law in an entirely clear focus.[3]

■ Considering these cases together, no doubt Kentucky prefers the application of its own laws over those of another forum. But the inquiry does not end there. This Court should apply an interest analysis to determine whether it can justify use of Kentucky's laws. If their use can be justified, it should not matter that another state has a greater interest, though perhaps Kentucky's law could be displaced by the overwhelming interest of another state.

■ Plaintiff contends that because Ford assembled the vehicle and tire in Kentucky, this Court should apply Kentucky's substantive laws. Because the ultimate issue is one of product liability, Plaintiff says, the state where the assembly occurred has the greatest interest in the outcome.

All the parties to the accident are Indiana residents. The accident occurred there. The corporate defendants are not citizens of Kentucky by virtue of having their principal place of business there. Kentucky has no particular interest or reason to apply its law to any of the parties in this case. Thus, it appears that Kentucky's true interest in this case is a minimal one.

■ Plaintiff claims that Kentucky has a strong interest in applying its law to products manufactured or assembled within its boundaries. In these circumstances, the Court disagrees. Kentucky's product liability laws and its statute of limitations are designed primarily to protect its own citizens or those injured within its boundaries. Kentucky has neither expressed nor implied a particular interest in regulating products assembled within its boundaries, except where those products cause injury in Kentucky or where they injure its citizens. The Court finds no indication that the legislature had an intention to apply its product liability laws to Kentucky products wherever they are used around the country. Such an extravagant notion conflicts with federalist concept which inherently limits the reach of any state's perceived interest to matters which occur within its boundaries or which impact its citizens.

Plaintiff's choice of law analysis would create a host of difficulties. For example, suppose a product which has several different places of manufacture or assembly causes an injury. According to Plaintiff, any state of assembly or manufacture might apply its laws to the case. Suppose, however, that a defendant designed the product in one state and manufactured it in another. Which state's law should apply? Questions such as these demonstrate that Plaintiff's choice of law theory would result in inconsistency, complexity and potential unfairness. Moreover, its premise seems mistaken. Legal

---

**3.** This has led to some confusion in Sixth Circuit cases. The Sixth Circuit noted that *Breeding* case stood for the proposition that Kentucky will apply its own law "if there are significant contacts and no overwhelming interests to the contrary." *Harris Corp. v. Comair, Inc.,* 712 F.2d 1069, 1071 (6th Cir.1983). In a later case, the

Sixth Circuit clarified what it believed to be Kentucky's approach to choice of law problems. The court stated, "Kentucky's conflict of law rules favor the application of its own law *whenever it can be justified.*" *Johnson v. S.O.S. Transport, Inc.,* 926 F.2d 516, 519 n. 6 (6th Cir.1991) [emphasis added].

claims do not arise at the time or at the place of manufacture. They arise when an injury occurs. Thus, the place of injury, not the place of manufacture is the central focus of the cause of action.

The Court concludes that Indiana has an overwhelming interest in this case as compared to Kentucky. These significant contacts with and interests of Indiana suggest that this Court should apply that state's law. More importantly, the Court does not find sufficient reason to apply Kentucky law.

The Court will enter an order consistent with this Memorandum Opinion.

## ORDER

The Court considers two of Defendants' motions. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to change venue is DENIED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment is SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final and appealable order.