**PICKER INTERNATIONAL, INC., Plaintiff,**

v.

**TRAVELERS INDEMNITY COMPANY, Defendant.**

**No. 1:98 CV 839.**

United States District Court, N.D. Ohio, Eastern Division.

Dec. 7, 1998.

---

Nancy Cody, Barbara A. Jelenic, Picker International, Highland Heights, OH, Patrick C. Schmitter, Anderson, Kill & Olick, New York City, for plaintiff.

Peter J. Krembs, Hermann, Cahn & Schneider, Cleveland, OH, Wilbur C. Leatherberry, Case Western Reserve University,

Cleveland, OH, Plunkett & Cooney, Detroit, MI, for defendants.

*MEMORANDUM OF OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR TRANSFER OF VENUE*

WELLS, District Judge.

This case is before the Court upon motion by defendant, Travelers Indemnity Company ("Travelers Indemnity"), for a transfer of venue under 28 U.S.C. § 1404 to the Southern District of New York. The plaintiff, Picker International, Inc. ("Picker"), has objected to this motion. Travelers Indemnity has filed a reply brief and a supplemental brief.

In its motion Travelers Indemnity requests a hearing. There is no need for a hearing, and defendant's motion for transfer of venue is denied.

## I. The Underlying Action

To understand the parties' arguments concerning the motion to transfer venue of this lawsuit, it is first necessary to understand the nature of the lawsuit. On March 12, 1998 Picker filed a complaint for declaratory judgment in the Court of Common Pleas for Cuyahoga County, Ohio. The complaint seeks a court order requiring Travelers Indemnity fully to defend and indemnify Picker in a state court action brought in New York. In that action, plaintiffs Viola and Reinaldo Burgos allege Viola was operating a Picker C–3000 Rotating Cobalt Unit sometime in September of 1979 when it malfunctioned. Allegedly, its radiation source would not turn off due to a faulty timer or shutter, causing Viola to develop thyroid cancer. Travelers Indemnity removed the declaratory judgment action presently before this Court from the Court of Common Pleas on the basis of diversity of citizenship.

Picker requests a declaratory judgment that, under an insurance policy issued by Travelers Indemnity, Travelers Indemnity must fully defend the New York lawsuit and fully indemnify Picker against any losses which may occur in that lawsuit. Picker argues that during September of 1979, when Viola Burgos alleges she contracted cancer, Travelers Indemnity was insuring Picker under a policy promising fully to defend and indemnify lawsuits such as the one later brought by the Burgoses.

Travelers Indemnity, on the other hand, argues it is required to pay only part of the defense costs and losses incurred in the Burgoses' lawsuit. Travelers Indemnity asserts it insured Picker from 1979 through 1984, and argues it is responsible only for its *pro rata* share of defense costs and indemnification. Travelers Indemnity argues Picker must look to whomever insured it from 1984 up until the time the Burgoses filed their lawsuit to recover the other portion of their costs and losses in that lawsuit.

## II. Motion to Transfer Venue

■ Travelers Indemnity has moved for a transfer of venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). That statute states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The threshold inquiry under § 1404(a) is whether the action "might have been brought" in the proposed transferee forum. Picker has not disputed this case might have been brought in the Southern District of New York, and neither party has presented any evidence indicating that court might lack subject matter jurisdiction or personal jurisdiction, or venue might be lacking in that court. Therefore, the other elements of § 1404(a) will be considered.

■ When considering the "interest of justice" and the "convenience of parties and witnesses," a court must weigh many factors. *See, e.g., Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ("A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors."); *Snyder v. Madera Broadcasting, Inc.,* 872 F.Supp. 1191, 1199 (E.D.N.Y. 1995) (listing ten factors to consider). The Sixth Circuit has provided its own description of the relevant factors: "the private interests of the parties, including their convenience and the convenience of potential

witnesses, as well as other public-interest concerns, such as systemic integrity and fairness...." *Moses v. Business Card Express, Inc.*, 929 F.2d 1131 (6th Cir.1991) (citing *Stewart v. Ricoh*, 487 U.S. at 30, 108 S.Ct. 2239). The defendant, because it is the party requesting a transfer of venue, bears the burden of proof to show the factors weigh "strongly" in favor of transfer. *Bacik v. Peek*, 888 F.Supp. 1405, 1414 (N.D.Ohio 1993); *see also Van Dusen v. Barrack*, 376 U.S. 612, 645–46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."). As the following analysis of the relevant factors shows, Travelers Indemnity has not met its burden. Its motion to transfer venue is denied.

### A. Plaintiff's Choice of Forum

■ At the outset, the plaintiff's choice of forum must be given "great weight" when considering whether to transfer venue under § 1404(a). *Bacik v. Peek*, 888 F.Supp. at 1414; *see also Rutherford v. Goodyear Tire & Rubber Co.*, 943 F.Supp. 789, 791 (W.D.Ky. 1996), *aff'd*, 142 F.3d 436 (6th Cir.1998); *Sovereign Bank, F.S.B. v. Rochester Community Sav. Bank*, 907 F.Supp. 123, 126 (E.D.Pa. 1995) ("[P]laintiff's choice of forum is a paramount consideration which should not lightly be disturbed."). Picker has chosen to litigate in its home state of Ohio, and that choice is given much deference. *See Dunn v. Soo Line R.R. Co.*, 864 F.Supp. 64, 65 (N.D.Ill. 1994). Travelers Indemnity has not provided enough justification to depart from Picker's chosen forum.

### B. Convenience of Witnesses

Section 1404(a) itself refers to the convenience of witnesses as a factor to consider, and it is an important factor to weigh in the balance. *See, e.g., Bacik v. Peek*, 888 F.Supp. at 1414. Indeed, Travelers Indemnity relies heavily on this factor to support its motion for transfer. From Travelers Indemnity's point of view, a key issue in determining whether it has a contractual duty fully to defend and indemnify Picker is whether Viola Burgos's disease occurred during the peri-

od Travelers Indemnity insured Picker. Travelers Indemnity asserts "it is clear that all known witnesses with knowledge about this ultimate question reside in New York" and lists who those witnesses are. *See* Memorandum in Support of Motion for Transfer of Venue, at 3.

Picker asserts most of the key witnesses in the Burgoses' lawsuit have been deposed, and Travelers Indemnity has been provided with a transcript of each of these depositions. Picker also alleges it has given Travelers Indemnity a copy of Picker's expert report. Moreover, argues Picker, New York witnesses will not be needed to determine whether Travelers Indemnity has a contractual duty to defend and indemnify. This is a legal question dependent solely on the face of the complaint filed by the Burgoses, concludes Picker. Finally, Picker asserts there are many potential witnesses in Ohio who may testify as to Travelers Indemnity's refusal to pay Picker's defense costs and how much money it is costing Picker to defend the Burgoses' lawsuit without Travelers Indemnity's aid.

On balance, this factor favors neither party. Picker has requested only a determination of the scope of Travelers Indemnity's duties under the insurance agreement.

### C. Convenience of the Parties

The second factor explicitly mentioned by § 1404(a) is convenience of the parties. Picker's principal place of business is in Ohio, and Travelers Indemnity's principal place of business is in Connecticut. Thus, Ohio is a very convenient forum for Picker and a less convenient forum for Travelers Indemnity. On the other hand, New York is an inconvenient forum for both parties, although the inconvenience for Travelers Indemnity is admittedly low. Picker asserts, and Travelers Indemnity does not dispute, that Travelers is licensed to sell insurance and pay claims in Ohio. It is more convenient for the parties to litigate in Ohio rather than New York.

### D. Location of Documents

■ Travelers Indemnity claims many of the relevant documents are located in New York, including Viola Burgos's medical rec-

ords, records kept by Picker's counsel in the Burgoses' lawsuit, and the records of the insurance broker that oversaw the placement of Picker's insurance coverage. While this may be true, it is also true many of the documents kept by Picker are located in Ohio where it is headquartered. *See AMF Inc. v. Computer Automation, Inc.*, 532 F.Supp. 1335, 1340 (S.D.Ohio 1982) (concluding the location of documents favored neither party because both districts contained relevant documents). Moreover, while the location of evidence is generally a relevant factor in the § 1404(a) analysis, the location of documentary evidence is a minor consideration. Documents may easily be sent by mail, copied or even faxed to a remote location. By contrast, the location of physical evidence such as the wreckage of a crashed plane ought to be given more weight in the balancing analysis under § 1404(a). There is no such physical evidence relevant to the dispute being considered here. The location of evidence factor does not weigh in favor of either party.

### E. Choice of Law

■ When choosing the forum under a § 1404(a) motion to transfer venue, choice of law is a relevant factor but is not determinative. *See Viacom Int'l, Inc. v. Melvin Simon Productions, Inc.*, 774 F.Supp. 858, 868 (S.D.N.Y.1991). The district court which is located within the state whose law will be applied might be favored in the § 1404(a) balancing analysis, because it may be more familiar with that state's law than is the other district court. Travelers Indemnity asserts New York law should be applied in this case, while Picker asserts Ohio law should be applied.[1]

This choice of law issue need not be decided to resolve Travelers Indemnity's motion for transfer of venue. *See Stewart v. Ricoh*, 487 U.S. at 32, 108 S.Ct. 2239 (deciding a § 1404(a) motion for transfer of venue is an issue of federal law, even when the parties' contract contains a choice of forum clause). Even if New York law applies, as Travelers Indemnity argues, it would not affect the

balance of factors in this case which leads to a denial of Travelers Indemnity's motion for transfer of venue.

### F. Irrelevant Factors

■ Travelers Indemnity cites factors which are irrelevant to the § 1404(a) transfer of venue inquiry. These irrelevant factors include: (1) the insurance policy was negotiated and delivered in New York; and (2) the insurance policy was actually issued to CIT Financial Corporation, which is (or was) a New York corporation, as is Picker. These factors are relevant to the choice of law issue, but not the transfer of venue issue. They simply do not make litigating in New York more convenient, nor do they affect the interest of justice analysis under § 1404(a).

### III. Conclusion

In sum, none of the relevant factors support defendant's motion for a transfer of venue. On its side, plaintiff has the deference courts normally give to a plaintiff's choice of forum, especially when that forum is plaintiff's home, and the convenience of the parties. All the other relevant factors the parties mention do not favor either forum. The defendant has not met its burden to show that the Southern District of New York is a more convenient forum, or that the interest of justice favors a transfer of venue. Defendant's motion is therefore DENIED.

---

**1.** As part of this dispute, Travelers Indemnity has asserted that at a case management conference held July 7, 1998 Picker agreed New York law would apply to this case. Picker denies it ever

agreed New York law would apply. The parties have submitted conflicting affidavits on this point.